Hon. JOHN PIERPOINT,
Hon. JAMES BARRETT,      } Assistant Judges.
Hon. LOYAL C. KELLOGG,

---

### Tabitha Wait v. R. M. Richardson and others.

#### Trespass.

Trespass. *qu. cl. fr.* cannot be maintained by one tenant in common of land against another for entering upon the common property under a claim of exclusive ownership of the whole, and cutting and carrying away all the timber thereon.

Wait *v.* Richardson et al.

TRESPASS QU. CL. FR. The facts in the case are sufficiently stated in the opinion of the court.

The county court, at the September Term, 1859,—POLAND, J., presiding,—held that the action could not be maintained, and rendered judgment for the defendants, to which the plaintiff excepted.

*Geo. N. Dale,* for the plaintiff.

*William Heyward,* for the defendants.

BARRETT, J. The declaration in this case was not furnished to the court, but it was treated in the argument as being in trespass *quare clausum.* The statement of agreed facts shows that, at the time of the alleged trespass, the parties held title to the *locus in quo* in undivided moieties, thus being tenants in common ; that the plaintiff was in adverse possession, claiming the whole lot ; that the defendant, Richardson, also claimed the whole lot under a deed from Sheafe, and that he, with the other defendants as his servants, entered upon said lot under his said claim, and cut and carried away the timber from all of said lot.

The only question discussed at the bar was, whether the plaintiff was entitled to maintain this form of action for said acts of the defendants.

In the case of *Booth* v. *Adams et al.,* 11 Vt. 156, it was held, in the language of the reported opinion, that " one tenant in common of land cannot maintain trespass against his co-tenant unless he is expelled from the common estate, or deprived of the common enjoyment."

That seems to have been an action of trespass *de bonis.* The decision of that case upon its facts, irrespective of the peculiar form of expression in which it was announced, would seem to be a conclusive authority against the plaintiff in the present case ; for if trespass *de bonis* would not lie, *a fortiori,* trespass *quare clausum* would not.

It is undoubtedly true that the language of the decision above cited, and the remarks of the judge in the discussion of the subject, had exclusive reference to the action then under considera-

tion, both in its form and substance ; yet, as that language is general, and does not expressly restrict itself to that form of the action of trespass, the urgency, with which the learned counsel pressed upon the court the right of the plaintiff to maintain this action, has led us to suspect that they regard the language of that decision, and the remarks of the judge in drawing up the opinion as designed to indicate that the action of trespass *quare clausum* may be brought by one tenant in common against his co-tenant, as well as trespass *de bonis.* The cases cited by the plaintiff's counsel, to show that trespass or ejectment might lie in favor of a tenant in common against his co-tenant do not sustain that proposition.

Not one of them was trespass *quare clausum,* but all were ejectment or writ of entry. The language of Judge WILLIAMS in *Kirby* v. *Mayo,* 13 Vt. 103, is cited. He announced in general terms a very old and well established doctrine, that " the possession of a tenant in common, as well as that of a tenant at will, may become adverse, so that his co-tenant or the landlord may treat him as a trespasser, and maintain an action against him as such." And in consequence of such adverse possession by the defendant in that case, the court held that the plaintiff had lost his right in common to the property in question. We think it clear that the learned judge did not intend, by using the term *trespasser,* to convey the idea that the party might be pursued by a technical action of trespass ; and that he did not so mean in saying that an action might be maintained against him as *such* trespasser. In our opinion, all that he meant was, that a tenant in common might be transcending his right as such tenant, by the character of the possession he was holding, and therein, in the generic and untechnical sense of the term, be trespassing upon the right of his co-tenant; as would be true in the case of an *ouster.* In such case the party whose right was thus trespassed upon, might maintain an action against his co-tenant, on account of such transcending of legal right. But we think it was not designed to indicate the form of action which would be proper, under the rules of the law, in such case.

We have taken occasion to examine all the cases cited, and also to look into some of the older, as well as some of the more

modern books In Coke Lit. sec. 322, it is said " if two have an estate in common for term of years, etc., and one occupy all, and put the other out of possession and occupation, he which is put out of occupation shall have against the other a writ of *ejectione firmæ* of the moiety," etc. Sec. 323, " in the same manner it is, when two hold the ownership of the lands or tenements during the non-age of an infant, if the one oust the other of his possession, he which is ousted shall have a writ of ejectment *de garde*, etc.,    *   *   * but no action of trespass (*vidilicet*) *quare clausum suum fregit*, etc., for that each of them may enter and occupy in common, etc., *per my et per tout*, the land and tenements which they hold in common." In *Haywood* v. *Davis*, Salk. 4, it was agreed that in trespass the defendant cannot plead *in abatement* that he is tenant in common with the plaintiff, because he may give it in evidence, and that will prove him not guilty.

In Sel. N. P. 1347, it is said that one tenant in common cannot bring an action of trespass against his co-tenant, because each of them may enter and occupy, etc., *per my et per tout*, the lands and tenements which they hold in common. In *Cubitt* v. *Porter*, 8 B. & C. 257, Littledale, J., says, "If there has been an actual ouster by one tenant in common, ejectment will lie at the suit of the other. But I am not aware that trespass will lie, for in trespass the breaking and entering is the gist of the action ; expulsion or ouster is mere aggravation of the trespass. If the original entry, therefore, be lawful, trespass will not lie." That was trespass *quare clausum* by one tenant in common against another for pulling down a partition wall that was property in common. In *Cutting* v. *Rockwood*, 2 Pick. 443, which was trespass *quare clausum*, Wilde, J., says " it is a sufficient justification for the defendant that he and those under whom he holds had an estate in common with the plaintiffs.

It was decided in *Goodtitle* v. *Toombs*, 3 Wils. 118, that after a recovery in ejectment by a tenant in common against his co-tenant, an action of trespass for the *mesne profits* would lie between the same parties. So far as I have examined, that seems to be the first case of the kind that the books show to have been maintained for *mesne* profits. It is regarded as an exception to the

13

established rule, and seems designed, in connection with the modern action of ejectment in England, (in which the term only and nominal damages can be recovered,) to supply the place and office of the old ejectment at common law, in which *mesne profits* were recoverable by way of damage. In this action of trespass for *mesne profits*, the prior recovery in ejectment is conclusive in favor of the plaintiff of his right to recover such damage as he can show by having been kept out of the common property, including the *mesne profits.* It is obvious that this all proceeds upon a ground and gist of action very different from a trespass by *breaking and entering* the plaintiff's close. It seems to be adopted by the courts, as a kind of necessary complement to the modern *ejectment* in England, necessary in order to afford the plaintiff, recovering in ejectment, adequate means of remedy for the invasion of his rights, as established by the judgment in ejectment.

The mere entry upon the common land by one of the tenants, and cutting and carrying off the timber therefrom, is no where treated as giving to the other tenant the right to maintain an action of trespass of any kind, and least of all could it give the right to maintain trespass *qu. cl.* Superadd the fact which is shown in this case, that the plaintiff herself was all the while in possession of the property, claiming to hold it adversely to the defendant, in exclusive ownership, and the entire lack of ground for maintaining this action, either upon principle or precedent, is very palpable. See 1 Swift's Dig. 514.

The manner in which the subject of trespass to real property is presented in Hammond's N. P. 151, (a book remarkable for philosophical and logical method in propounding and developing legal principles,) makes palpable the paradox involved in the idea of the right of a tenant in common to maintain trespass *qu. cl.* against his co-tenant. " In every case where one man has a right to exclude another from his real immovable property, the law encircles his estate, if it be not already enclosed, with an imaginary fence, etc., * * * and entitles him to a compensation in damages for the injury he sustains by the act of another passing through the boundary, denominating the injurious act a breach of the enclosure." It is fundamental in the law of the subject that one tenant in common has no right to exclude the

other from the common property. Hence any enclosure of it, whether by the imaginary fence that the law constructs, or by a real one constructed by the hands of men, defines no right in exclusion of, and constitutes no barrier against, either of the common tenants; and of course the passing through such boundary by either of them would be no breach of the enclosure, and could give no right of action in trespass *quare clausum fregit.*

It is needless to pursue the discussion further. As before remarked, the case cited from 11 Vt. *supra*, seems to us to be a conclusive authority against this action, as it stands upon the agreed statement of facts. With that decision upon the point then under judgment, we are well satisfied.

Judgment affirmed.