GEORGE F. JONES, administrator of ISAAC N. FOOKS, deceased, and ALFRED B. ROBINSON, *vs.* CHARLES T. PURNELL.

*Issue From Chancellor—Partnership; How Proved—Evidence— Form of Verdict.*

1.　In an action brought by an administrator the defendant is not permitted, under the statute (*Rev. Code, 798*), to testify to conversations had with the deceased.

2.　Whenever two or more persons engage in a legal business, under an agreement, express or implied, to share the profits and losses, that is what is ordinarily and broadly denominated a partnership. It is the community of interest in sharing the profits and losses of the business which constitutes a complete partnership, as well between the parties themselves as in respect to strangers who deal with them as partners.

3.　A partnership may be proved between the parties, as well as with others, by evidence of the acts, dealings, conduct, admissions and declarations of the parties themselves, as well as by direct proof in different lines. As between partners, in order to establish a liability from one to the other, there must be an actual partnership proved; but where a third party is suing, although the parties may not in fact be partners, yet they may so conduct themselves toward the third party as to make themselves liable.

4.　Form of verdict.

(*October 9, 1905.*)

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*Charles W. Whiley* and *Robert C. White* for plaintiffs.

*Charles F. Richards* and *Charles S. Richards* for defendant.

Superior Court, Sussex County, October Term, 1905.

ISSUE FROM THE COURT OF CHANCERY (No. 76, October Term, 1905)—Partnership.

The issues sent to the Superior Court by the Chancellor in the above case, are stated in the charge of the Court.

At the trial, the defendant, in reply to a question asked him by his counsel, was proceeding to state certain conversations and

transactions he had with Isaac N. Fooks in his lifetime relative to the alleged partnership. This was objected to by counsel for plaintiffs, on the ground that under the statute (*Revised Code, 1893, p. 798*) the defendant could not testify to any conversations or transactions with Fooks, he being now deceased and being a party to the suit through his administrator, and that any judgment rendered against the plaintiffs in this case would affect the estate of Fooks.

LORE, C. J.:—Under the statute, this defendant is not permitted to testify to any conversations or transactions with Mr. Fooks.

LORE, C. J., charging the jury:

Gentlemen of the jury:—The questions you are empaneled to try differ somewhat from ordinary suits that are brought before juries where the parties originally come into this court and submit their differences to your adjudication, in this, that it is one where in a case before the Chancellor between the parties, the testimony as to certain questions of fact was so conflicting that he desires to have the information and the benefit of the verdict of a jury, and in order to get that under the laws of this State he sends what is termed an issue to be tried, in this case, by a jury of Sussex County. That issue contains two questions which you are to answer by your verdict for his information and guidance. The first of those questions is this: " Whether Isaac N. Fooks, Charles T. Purnell and Alfred B. Robinson, under the name of Fooks, Purnell and Robinson, entered into a partnership for the purpose of buying and selling peaches and other fruit and produce at the Railroad Station at Georgetown, in Georgetown Hundred, Sussex County and State of Delaware, and any point or points at which they might conclude to operate for and during the fruit season of the year 1895."

When you return your verdict that question will be put to you and you are bound to answer either yes or no ; that there was such a partnership formed as you are there asked to determine, or that there was not.

What constitutes a partnership—that is, the legal elements of a partnership—is a question of law for the Court; whether in fact a partnership existed between the parties is a question of fact for you. We will say to you, as a matter of law, that wherever two or more persons engage in a legal business or occupation, under an agreement, either express or implied, to share the profits and the losses, that is what is ordinarily and broadly denominated a partnership.

In *Plunkett vs. Dillon*, *4 Houst.*, *396*, we find it expressed in this language: "A partnership can be formed only, however, by a voluntary agreement, either express or implied, by two or more competent persons joining together their property, their labor, their skill and experience with one or more of them, in the transaction of business for their joint benefit and profit. It may be for a specific purpose or confined even to a particular transaction. When the question of its existence arises between the alleged partners themselves there must be a common interest and risk in it and an agreement between them, either express or implied, reciprocally to participate in the losses as well as in the profits of the business."

And it has been said in one of the judicial decisions of this State on this subject that it is this community of interest in sharing the profits and losses of the business which constitutes a complete partnership, as well between the parties themselves as in respect to strangers who deal with them as partners.

In order to answer this question in the affirmative, you must be satisfied from the preponderance of the evidence that these three persons did enter into a partnership, under the name of Fooks, Purnell and Robinson, to buy and sell peaches and other fruit and produce at the Railroad Station at Georgetown, in Georgetown Hundred, Sussex County and State of Delaware, and any point or points at which they might conclude to operate for and during the fruit season of the year 1895.

A partnership may be proved between the parties, as well as with others, by evidence of the acts, dealings, conduct, admissions and declarations of the parties themselves, as well as by direct proof in different lines. As between the parties, you must be satisfied by

a preponderance of the proof of this fact, that a partnership actually did exist, and it differs where the parties contesting are partners, and where a third party is suing; for in the latter case, although the parties may not in fact be partners yet they may so conduct themselves towards the third party as to make themselves liable. But between partners themselves, in order to establish a liability from one to the other, there must be an actual partnership proved, either directly or indirectly, by a preponderance of proof.

So that after considering all the evidence that you have had produced before you in this case, it is for you to say in answer to that first question, either that there was or was not such a partnership.

The second question contained in the issue is "Whether, if the said Isaac N. Fooks, Charles T. Purnell and Alfred B. Robinson engaged together to buy and sell peaches and other fruit and produce, as aforesaid, during the year 1895, such engagement was or was not limited to the purchase of two car loads."

You must specifically answer this latter question, as well as the first one, according as the evidence may warrant you. In deciding this latter question, when you come to answer it as the evidence shall warrant, you will say either that it was limited, if there was an agreement to buy peaches, to two car loads, or that it was not so limited.

There are really no questions of contested law in this case. The law is clearly defined and laid down in our own decisions, and it is a question of fact for you to determine, as to what your answer will be to the two questions propounded in this issue, which the Court have already detailed to you. It is a question of fact for you to determine from the evidence. When you return with your verdict these questions will be put to you in the form contained in the issue, and your answer to the first will be yes or no; that they were or were not such partners; and to the second that the agreement was confined to two car loads, or was not so confined.

Verdict: As to the first query, yes. As to the second query, no.