MYRA C. SIMS v. WINFIELD S. SIMS ET AL.

Argued November 6, 1908—Decided February 23, 1909.

The act of May 17th, 1906, entitled "An act for the protection and enforcement of the rights of married women," creates no new rights in favor of married women—imposes no new liabilities against third persons for their benefit.

On demurrer to declaration.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the demurrants, *Joseph A. Beecher.*

*Contra, R. Wayne Parker.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff is the wife of Ernest L. Sims, and the present action is brought by her to recover damages from the defendants for maliciously enticing away her husband, and alienating his affections from her. The ground of demurrer is that a married woman cannot maintain an action for an injury of this character.

In the case of *Hodge* v. *Wetzler,* 40 *Vroom* 490, decided at June Term, 1903, we held that no right of action existed in favor of the wife for the enticing away of the husband and the alienation of his affections, either at common law or by virtue of any statute of the state. Since the decision of this case, however, and on May 17th, 1906, a statute has been passed by the legislature entitled "An act for the protection and enforcement of the rights of married women" (*Pamph. L., p.* 525), and this act, it is claimed on behalf of the plaintiffs, created a right of action for such a cause. The body of the act provides that "a married woman may maintain an action in her own name, and without joining her husband therein, for all torts

committed against her, or her separate property, in the same manner as she lawfully might if a *feme sole.*"

Reading the title of the act in connection with its body, we think the legislation in question discloses no intention to create new rights in favor of married women—no purpose to create new liabilities against third persons for their benefit. Our constitution requires that the object of a statute shall be *expressed* in its title, and in the present act the single object expressed in its title is the protection and enforcement of the rights of married women, *i. e.,* existing rights. Nor does the body of the act disclose any other purpose. Prior to the time of its passage, a married woman in bringing suit was still under some of the disabilities imposed upon her by the common law. Although she could maintain an action in her own name, without joining her husband, for all damages to her property rights (*Gen. Stat., p.* 2012), she was still compelled to join him as a party in all suits brought to recover damages to her person or her reputation, unless she was living separate from him. *Gen. Stat., p.* 2536; *Pennsylvania Railroad Co. v. Goodenough,* 26 *Vroom* 577. The purpose disclosed in the body of the present act is to relieve her from that partial disability, and enable her to maintain an action in her own name, and without joining her husband therein, for all torts committed against her or her separate property; in other words, to protect the wife against any marital right of the husband to control her in any degree in the enforcement of her claims to damages for any tort committed against her or her separate property, and to authorize her to enforce the same as fully and completely as if she was unmarried. Nor does the use of the expression "torts committed against her," &c., contained in the body of the act, militate against this view of its scope. The word "torts" in legal phraseology has a well-defined meaning. It does not include all wrongful acts done by one person to the injury of another, but only those for which individuals may demand legal redress; or, stated in another way, those which give rise to an action for damages. *Cooley Torts* 2; *Add. Torts* 3. Substituting the definition of the word in place of the word itself, the statute provides that a married

woman may maintain an action in her own name, and without joining her husband therein, for all wrongful acts which give rise to an action for damages committed against her or her separate property, in the same manner as she lawfully might if a *feme sole*.

In our judgment no legislative intent is to be perceived, either in the title of this act or in its body, to confer upon a married woman any right of action which did not exist previous to its enactment.

The defendants are entitled to judgment upon the demurrer.