CAROLYN P. DIVER *v.* NATHAN MILLER and ANNA MILLER, his wife.

208

(*March* 19, 1929.)

RICE and HARRINGTON, J. J., sitting.

*Aaron Finger* for plaintiff.

*William H. Foulk* for defendants.

Superior Court for New Castle County, No. 59, May Term, 1928.

HARRINGTON, J., delivering the opinion of the court:

The declaration is in case based on the commission of a tort by the defendants and contains an allegation of conspiracy. An action on the case in the nature of a conspiracy is now the usual and proper method of suit in civil actions in most, if not in all, cases where there is an agreement between two or more persons to do some unlawful act, and where such act is actually committed, and the plaintiff is damaged thereby. *Parker v. Huntington*, 2 *Gray* (*Mass.*) 124; *Jones v. Baker*, 7 *Cow.* (*N. Y.*) 445; *Livermore v.*

*Herschell*, 3 *Pick.* (*Mass.*) 33; *Savile v. Roberts*, 91 *Eng. Rep.* 1147; 11 *C. J.* 581; 1 *Chitty on Pl.* 138.

Both Nathan Miller and Anna Miller, his wife, are defendants in this case and have demurred generally; the question to be determined, therefore, is whether the declaration in question sets out a cause of action in tort against the defendants, or either of them. As a general rule, the averment and proof of a conspiracy in a civil action do not change the real nature of the action, or add anything to its legal force and effect. *Parker v. Huntington*, 2 *Gray* (*Mass.*) 124; *Perry v. Hayes*, 215 *Mass.* 296, 102 *N. E.* 318; *Laverty v. Vanarsdale*, 65 *Pa.* 507; *Cooley on Torts, pp.* 210, 213; 12 *C. J.* 584.[1]

If not proved, such an allegation may be treated as surplusage, and, as in the usual tort action, the plaintiff may still recover in a proper case against such one or more of the defendants, as were actually guilty of committing the act charged. *Parker v. Huntington*, 2 *Gray* (*Mass.*) 124; *Vanhorn v. Vanhorn*, 52 *N. J. Law* 284, 20 *A.* 485, 10 *L. R. A.* 184; *Laverty v. Vanarsdale*, 65 *Pa.* 507; *Howland v. Corn* (*C. C. A.*), 232 *F.* 35; *Savile v. Roberts*, 91 *Eng. Rep.* 1147; *Cooley on Torts, pp.* 210, 213; 12 *C. J.* 584, 585.[2]

If, however, there be no right of action in the plaintiff against the defendants, or either of them, independent of the conspiracy, there can be no recovery though a conspiracy be alleged.

This principle was well stated in *Robertson v. Parks*, 76 *Md.* 118, 24 *A.* 411, 413, where the court said:

"Moreover, it is a general rule that a conspiracy cannot be made the subject of a civil action, unless something is done which, without the conspiracy, would give a right of action. * * * The simple act of conspiracy does not furnish a substantive ground of action."

The same thought was expressed in 35 *Har. Law Rev.* 426, in the following manner:

"Acts not tortious when committed by individuals should not be held tortious when committed by combination." See, also, 35 *Har. Law Rev.* 427.

As a matter of fact, an allegation of conspiracy is only important for two purposes:

[1]See, however, 6 *Columb. Law Rev.* 208.
[2]See, also, *Hitchens v. Phil. & Wil. Traction Co., et al.*, 3 *W. W. Harr.* (33 *Del.*) 375.

1. To hold responsible in damages persons other than those who actually committed the tort relied on.

2. To increase the measure of damages because of the deliberate and intentional character of the act alleged to have been committed. *Robertson v. Parks,* 76 *Md.* 118, 24 *A.* 411; *Vanhorn v. Vanhorn,* 52 *N. J. Law* 284, 20 *A.* 485, 10 *L. R. A.* 184; *Parker v. Huntington,* 2 *Gray (Mass.)* 124; *Cooley on Torts, vol.* 1, *pp.* 211, 212; 12 *C. J.* 586; 38 *Cyc.* 519.

The defendants contend that the action of the plaintiff is based on false representations and that there can be no recovery on such representations because they do not relate to existing facts. *Killen v. Purdy,* 11 *Del. Ch.* 66, 74, 95 *A.* 908; *Burt v. Bowles,* 69 *Ind.* 1; 26 *C. J.* 1087; 12 *R. C. L.* 244.

The plaintiff contends, however, that the allegations with respect to such misrepresentations are mere inducements and that the real basis of her action is in that part of the declaration alleging a conspiracy to effect the breach of a contract between her and Nathan Miller, one of the defendants. She claims that this part of the declaration charges the tortious breach by Nathan Miller of a contract to sell certain real estate; that such breach was committed pursuant to a fraudulent conspiracy between the said Nathan Miller and Anna Miller, and that by reason of that fact Anna Miller is, also, responsible in damages to the plaintiff, though not a party to, and, therefore, not bound by the contract of sale.

Where the breach of a contract has been brought about by the improper interference of a person not a party thereto, whether and under what circumstances a right of action exists against such person has been the cause of considerable conflict among the reported cases and textbooks. 4 *Paige on Contracts,* § 2413; 3 *Elliott on Contracts,* § 2685; 12 *C. J.* 611; 1 *Cooley on Torts, p.* 212; 7 *Har. Law Rev.* 181; 8 *Har. Law Rev.* 1; 15 *H. L. Rev.* 402; 38 *Cyc.* 508, *etc.*

The reasoning of those courts which grant relief in cases of this character is that a contract right is a property right which should be protected from undue interference by persons not parties to it, and where a third person intentionally and without justification

causes a breach of such contract and damage to the plaintiff by reason of its wrongful character, his act is treated as malicious and he is, therefore, *prima facie* guilty of committing a tort. *Booth v. Burgess,* 72 *N. J. Eq.* 181, 188, 65 *A.* 226; *Temperton v. Russell,* [1893] 1 *Q. B.* 715, 730; *Raymond v. Yarrington,* 96 *Tex.* 443, 72 *S. W.* 580, 73 *S. W.* 800, 62 *L. R. A.* 962, 97 *Am. St. Rep.* 914; 4 *Paige on Contracts,* § 2413; 38 *Cyc.* 509.

In *Temperton v. Russell, supra,* Lopes, L. J., aptly said that the principle applicable was "that the contract confers certain rights on the persons with whom it is made and not only binds the parties to it by the obligation entered into, but, also, imposes on all the world the duty of respecting that contractual obligation."

The application of the general principle in question seems to be conceded by practically all courts where the breach of the contract has been brought about not by mere persuasion but by fraudulent representations, threats, intimidation, defamatory statements, or other unlawful means. *Rice v. Manley,* 66 *N. Y.* 82, 23 *Am. Rep.* 30; *Vanhorn v. Vanhorn,* 52 *N. J. Law* 284, 20 *A.* 485, 10 *L. R. A.* 184; *Angle v. Chicago, St. P., etc., Ry. Co.,* 151 *U. S.* 1, 14 *S. Ct.* 240, 38 *L. Ed.* 55; *Cooley on Torts, vol.* 1, *p.* 212, *vol.* 2, *p.* 593; 38 *Cyc.* 510; *Pallock on Torts,* 267.

If it be conceded that the declaration is not based on false representations, the conspiracy part of it, in substance, alleges two things:

1. An intent to deceive and defraud the plaintiff, and in order to defeat the performance of the contract by Miller, that he and his wife did fraudulently scheme and conspire to represent to the plaintiff that Miller was willing to perform his contract, but that his wife had refused to join in the execution of the deed.

2. That pursuant to said fraudulent scheme, Anna Miller, wife of the said Nathan Miller, did refuse to join in the execution of the deed for the premises agreed to be sold and the plaintiff was thereby prevented from acquiring a good and marketable title thereto.

There is no allegation that Nathan Miller was induced to breach his contract with the plaintiff by reason of the improper and unjus-

tifiable acts of the defendant, Anna Miller, and the principle relied on by the plaintiff would, therefore, seem to have no application to this case.

As was said in *Quinn v. Leathem* (1901), *App. Cas.* 495 (509), "An act which does not amount to a legal injury cannot be actionable because it is done with a bad intent." See, also, *Jenkins v. Fowler,* 24 *Pa.* 308; *Mogul Steamship Co. v. McGregor,* 23 *Q. B.* 612; *Biggers v. Matthews,* 147 *N. C.* 299, 61 *S. E.* 55; *Rich v. N. Y. Cent. & H. R. R. Co.,* 87 *N. Y.* 382, 394; 1 *Cooley on Torts* 142; 38 *Cyc.* 435, 512.

Whatever the motive of Anna Miller was in refusing to execute a deed to the plaintiff is, therefore, immaterial as she was within her absolute legal rights in refusing to do so, and such refusal can, therefore, give the plaintiff no right of action against her.

The next question to be considered is whether the declaration sets out a right of action in case, against Nathan Miller.

In order to constitute a tort there must always be a violation of some duty owed to the plaintiff; but generally speaking such a duty must arise by operation of law and not by the mere agreement of the parties. *Dustin v. Curtis,* 74 *N. H.* 266, 67 *A.* 220, 11 *L. R. A.* (*N. S.*) 504, 13 *Ann. Cas.* 169; *Midland Oil Co. v. Thigpen* (*C. C. A.*), 4 *F.* (2d) 85, 53 *A. L. R.* 311; *Hermes v. Westchester Racing Ass'n,* 213 *App. Div.* 151, 210 *N. Y. S.* 114; *Courtney v. Earl,* 70 *E. C. L.* 73; *Street's Foundation of Legal Liabilities, pp.* 247, 277; *Chapin on Torts, pp.* 12, 15; 12 *L. R. A.* (*N. S.*) 926.

There are, however, many cases where tort and contract action are concurrent remedies. 1 *Chitty on Pl., star p.* 136; *Street on the Found. of Legal Liabil., p.* 272; 1 *Saund. Pl. & Ev.* 337; *Legge v. Tucker,* 1 *H. & N.* 500; *Chapin on Torts, pp.* 14, 15, 17; *Rich v. N. Y. Cent. & H. R. R. Co.,* 87 *N. Y.* 382[a]; *Tyre v. Causey,* 4 *Harr.* 425.

Without considering in detail the extent of this rule it is sufficient for us to say that Nathan Miller was undoubtedly bound

[a] The extent to which this case went in applying this rule does not seem to have been approved by subsequent New York cases. See *Higgins v. Applebaum,* 186 *App. Div.* 687, 174 *N. Y. S.* 807.

by his contract with the plaintiff and liable to her in the proper action for failing to comply with such contract, but we know of no principle that could make him liable to the plaintiff in an action on the case based on the commission of a tort under the facts alleged.

If neither Nathan Miller nor Anna Miller are liable severally to the plaintiff in this action, that they are not liable jointly by reason of the allegation of a conspiracy is clear, and the demurrer must, therefore, be sustained.