JOHN J. GARBER *v.* STANLEY WHITTAKER and FLORENCE WHITTAKER.

(*July* 27, 1934.)

HARRINGTON, RICHARDS and REINHARDT, J. J., sitting.

*Walter J. Willis* for plaintiff.

*Thomas Herlihy, Jr.,* for defendant.

Superior Court for New Castle County, Action on the case, No. 299, September Term, 1933.

HARRINGTON, J., delivering the opinion of the Court:

This is an action on the case, and under the defendants' demurrer the most important question for us to determine is whether the facts alleged will sustain such an action.

The declaration alleges that the parties to this suit entered into a contract in April of 1930, whereby a house was to be built by the plaintiff, Garber, and by Stanley Whittaker, one of the defendants, on land belonging to Florence Whittaker, the other defendant. When completed, the house, and the lot upon which it was erected, were to be sold by deed of the defendants to such purchaser as could be found, and the cost of erecting the building, including a reasonable compensation for the work on it by Garber and Stanley Whittaker, was to be paid out of the proceeds of the sale. Six hundred dollars thereof was, also, to be paid to Mrs. Whittaker for her lot. The residue of the proceeds of the sale, if any, was to be equally divided between Garber, the plaintiff, and Stanley Whittaker, one of the defendants.

The declaration further alleges that the house in question was built by Garber and Stanley Whittaker, in accordance with the terms of the contract therein referred to, and was completed on or about October 24, 1932.

It then, in substance, alleges:

1. That after it had been completed, the defendants "unlawfully and with intent to defraud the said plaintiff" of his rights in said house took full charge and possession of it and by keeping it locked deprived the plaintiff of any access thereto; and "with intent to defraud the said plaintiff," as aforesaid, the said defendants refused to co-operate with the said plaintiff in finding a buyer for the said house and land.

2. That the said defendants "without the consent, or approval, of the said plaintiff" placed a mortgage lien on the said house and lot.

3. That the said defendants "without the consent, or approval of the said plaintiff, and with intent to defraud" him leased the said house and lot to a person unknown to

the said plaintiff, and are now collecting the rents and profits therefrom.

The defendants contend that as Garber and Stanley Whittaker were to share in the proceeds to be derived from the sale of the house and lot, after the payment of the cost of erecting the house, and the payment of six hundred dollars to Mrs. Whittaker for her lot, that the contract created a partnership.

Under the rule applied in this state, it seems that in most cases, in order to constitute a partnership, as between the parties themselves, there must not only be an agreement, to carry on some business or occupation jointly, but a like agreement, either express or implied, to share in business losses, as well as in business profits. *Plunkett v. Dillon,* 4 *Houst.* 338, 396; *Beecham v. Dodd,* 3 *Harr.* 485; *Gilpin v. Temple,* 4 *Harr.* 190; *Ellison & Sons v. Stuart & Co.,* 2 *Penn.* 179, 43 *A.* 836; *Jones & Robinson v. Purnell,* 5 *Penn.* 444, 62 *A.* 149.

A partnership may exist in some cases, though the agreement only relates to one transaction (*Plunkett v. Dillon,* 4 *Houst.* 338, 397; *Jones & Robinson v. Purnell,* 5 *Penn.* 444, 62 *A.* 149) but something more than a mere common enterprise, or joint undertaking, is necessary to create that relation (*Beckwith v. Talbot,* 2 *Colo.* 639; *Burdick on Partnership* 23; *Hurley v. Walton,* 63 *Ill.* 260).

Further than that, when the suit is between the parties themselves stricter proof of the intent to create a partnership relation, and, therefore, of its existence, is required than when the action is by a third person. *Ellison & Sons v. Stuart & Co.,* 2 *Penn.* 179, 43 *A.* 836; *Robinson v. Green's Adm'r,* 5 *Harr.* 115; *Gilpin v. Temple,* 4 *Harr.* 190; *Rowley on Partnership,* § 102; *Morrison v. Meister,* 212 *Mich.* 516, 180 *N. W.* 395.

It may not be necessary for us to determine that

question, but, as we view it, the agreement referred to in the declaration is not a partnership agreement but merely a joint undertaking between the parties, and a very similar agreement was so construed in *Morrison v. Meister*, 212 *Mich.* 516, 180 *N. W.* 395, *supra;* see, also, 63 *A. L. R.* 915.

■ Mrs. Whittaker was the legal owner of the house referred to as it was built on her land, but under the contract between the parties Garber, also, had certain interests though equitable in their nature, either in that property, or in the proceeds to be derived from its sale. 1 *Pom. Eq. Jur.,* §§ 146, 147, 161.

■ It is difficult to give a general definition of a tort that would be satisfactory in all cases, but it is clear that, generally speaking, any act done, or omitted to be done, contrary to the obligation of the law, is a tort and the damages suffered thereby may be recovered in an action on the case. *Wise v. Western Union Teleg. Co.,* 6 *W. W. Harr.* (36 *Del.*) 155, 172 *A.* 757; 3 *Street's Found. Leg. Liab.* 272. See, also, *Atlantic & P. R. Co. v. Laird,* 164 *U. S.* 393, 17 *S. Ct.* 120, 41 *L. Ed.* 485; *Cooley on Torts,* 650; 2 *Bouv. Law Dict.* (*Rawles* 3d *Rev.*) 3286.

■ As a general rule, it is equally clear, however, that where the action is based entirely on a breach of the terms of a contract between the parties, and not on a violation of some duty imposed by law, an action on the case will not lie, and the plaintiff must sue, if at all, in contract.

In other words, as was said in *Diver v. Miller*, 4 *W. W. Harr.* (34 *Del.*) 207, 148 *A.* 291, 293: "In order to constitute a tort there must always be a violation of some duty owed to the plaintiff; but generally speaking such a duty must arise by operation of law and not by the mere agreement of the parties."

In this connection, the Court in *Legge v. Tucker*, 1 *H. & N.* 500, also said: "Where the whole foundation of the

plaintiff's action is a contract, an action on the case will not lie; but where there is a duty ultra the contract the plaintiff may declare on the case." See, also, *Dustin v. Curtis,* 74 *N. H.* 266, 67 *A.* 220, 11 *L. R. A.* (*N. S.*) 504, 13 *Ann. Cas.* 169; *Courtney v. Earle,* 7 *C. B.* 73, 70 *E. C. L.* 73; *Green v. Greenback,* 2 *Chas. Marshall* 484; *Corbett v. Packington,* 6 *B. & C.* 268, 13 *E. C. L.* 170; *Stock v. City of Boston,* 149 *Mass.* 410, 21 *N. E.* 871, 14 *Am. St. Rep.* 430; 62 *C. J.* 1091.

But even if the facts relied on are set out in the declaration with sufficient particularity to comply with the requisites of good pleading, and the interest of the plaintiff is in the house and lot, and not merely in the proceeds to be derived from its sale, measured by the rules above stated no violation of any legal duty owed by the defendants to the plaintiff, and, therefore, no tortious act, has been alleged. See 2 *Bouv. Law Dict.* (*Rawles* 3d *Rev.*) 1911; 1 *Cooley on Torts* (3d *Ed.*), § 4; 62 *C. J.* 1090, *note; Sims v. Sims,* 77 *N. J. Law* 251, 72 *A.* 424.

It is true that the demurrer admits that the defendants refused to co-operate with the plaintiff in finding a purchaser for the house and lot, and, by keeping it locked, deprived him of any access thereto.

It is, also, true that it admits that they rented the property to a person unknown to the plaintiff, and are now collecting the rents and profits therefrom; and that they even placed a mortgage lien thereon.

A refusal to co-operate with the plaintiff in finding a purchaser for the house and lot was clearly in violation of the plaintiff's rights, but only of rights given by the express terms of the contract alleged to have been made by the parties.

The placing of a mortgage lien on the same property by the defendants would, also, seem to be in the nature of a *pro tanto* sale of that property rather than a *pro tanto* destruction of it (see *McCall v. Reybold,* 1 *Harr.* 146; *Eg-*

*bers v. Logan,* 1 *Harr.* 342) ; and the failure to apply the proceeds derived therefrom would likewise seem to be a mere violation of the express provisions of the contract.

None of the other acts alleged could possibly be construed to be violations of legal rights.

█ Tenants in common of the legal title to land are ordinarily entitled to the use, benefit and possession of such land, including their just and proper shares of the rents and profits therefrom. 4 *Kent's Com.* 368; 62 *C. J.* 421, 423; *Burdick on Real Property,* 263; *Wait v. Richardson,* 33 *Vt.* 190, 78 *Am. Dec.* 622; *Blood v. Blood,* 110 *Mass.* 545. See, also, *Henderson v. Eason,* 117 *Eng. Repr.* 1451.

█ When, therefore, one of the co-tenants of such an interest in land, without the authority of the other co-owners, collects the rents from the common property and retains more than his apparent share of such rents, the other party has a remedy, but in most cases that remedy is not at law but in equity by a bill for an accounting. *Denys v. Shuckbrugh,* 160 *Eng. Repr.* 912; *Buckelew v. Snedeker,* 27 *N. J. Eq.* 82; *Leach v. Beattie,* 33 *Vt.* 195; 4 *Pom. Eq. Jur.,* § 1421, *note;* 62 *C. J.* 448, 495, 496, and 507[1]; 6 *Pom. Eq. Jur.,* § 933.

And this principle would seem to be particularly applicable to a case of this character where the interest of the plaintiff, whatever it may be, is not legal, but is purely equitable in its nature. See 4 *Pom. Eq. Jur.,* § 1421, *note; Bentley v. Harris,* 10 *R. I.* 434, 14 *Am. Rep.* 695.

█ As is contended by the plaintiff, there are cases where contracts are involved where the suit may be brought either in contract or in case, at the election of the

---

[1] In addition to the remedy in equity, the statute of the 4th and 5th Anne, c. 16, also gave a remedy at law to legal co-tenants by the action of account. 4 *Kent's Com.* 369; 62 *C. J.* 448; *Denys v. Shuckbrugh,* 160 *Eng. Repr.* 912; 4 *Pom. Eq. Jur.,* § 1421, *note.* That remedy is now, however, practically obsolete.

plaintiff. *Diver v. Miller,* 4 *W. W. Harr.* (34 *Del.*) 207, 148 *A.* 291, *supra; Stock v. City of Boston,* 149 *Mass.* 410, 21 *N. E.* 871, 14 *Am. St. Rep.* 430; *Tuttle v. Gilbert Mfg. Co.,* 145 *Mass.* 169, 174, 13 *N. E.* 465; 1 *Cooley on Torts,* § 60; 3 *Street's Found. Leg. Liab.* 272, etc.

This rule is clearly stated in *Stock v. City of Boston,* 149 *Mass.* 410, 21 *N. E.* 871, 872, 14 *Am. St. Rep.* 430, *supra,* where the Court said:

"A mere breach of contract cannot be sued on as a tort, but for tortious acts, independent of the contract, a man may be sued in tort, though one of the consequences is a breach of his contract."

See, also, 3 *Street Found. Leg. Liab.* 277, *note,* where the author quotes with approval the clear language used by Mr. Smith in the argument made by him in *Brown v. Boorman,* 11 *Cl. & F.* 1. That rule, however, has no application to this case.

True, the declaration alleges that all of the acts committed by the defendants, and already referred to, were done by them, either with the intent to defraud the plaintiff, or without his consent. But in considering a tort action this court in *Diver v. Miller,* 4 *W. W. Harr.* (34 *Del.*) 207, 148 *A.* 291, 293, *supra,* said:

"An act which does not amount to a legal injury cannot be actionable because it is done with a bad intent."

In *Rich v. New York Cent. & H. R. R. Co.,* 87 *N. Y.* 382, in considering the same question, the court also said:

"Whatever, or however numerous or formidable, may be the allegations of conspiracy, of malice, of oppression, of vindictive purpose, they are of no avail; they merely heap up epithets, unless the purpose intended, or the means by which it was to be accomplished, are shown to be unlawful."

See, also, *Royce, Allen & Co. v. Oakes,* 20 *R. I.* 418, 39 *A.* 758, 39 *L. R. A.* 845; *Howe v. Cook,* 21 *Wend.* (*N. Y.*) 29; *Higgins v. Applebaum,* 186 *App. Div.* 682, 174 *N. Y. S.* 807.

These principles govern this case and the defendants' demurrer is, therefore, sustained.