PARK–IN THEATRES, Inc. v. PARA-
MOUNT–RICHARDS THEATRES,
Inc., et al.

Civ. A. No. 1072.

United States District Court
D. Delaware.

April 14, 1950.

See, also, D.C., 90 F.Supp. 730.

Arthur G. Connolly, of Wilmington, Del.,
Richardson Dilworth and Leonard L. Kal-
ish, of Philadelphia, Pa., for plaintiff.

William S. Potter and James L. Latchum
(Southerland, Berl & Potter), of Wilming-
ton, Del., Charles R. Fenwick and Thomas
B. Van Poole (Mason, Fenwick & Lawr-
ence), of Washington, D. C., for defend-
ants.

RODNEY, District Judge.

This opinion covers but one of a number
of motions currently pending. The general
nature of the action is stated in the opinion
of the court reported in D. C., 81 F.Supp.
466.

The present question concerns a motion
to dismiss the second cause of action for
failure to state a claim upon which relief

can be granted.[1] Tersely it is claimed that the complaint shows that the claimed cause of action is barred by the applicable Statute of Limitations.

The first cause of action is set out in fifty paragraphs. These are adopted by reference to the second cause of action. The gist of this second cause of action is that it is brought to recover damages for acts of the defendants resulting from a formed conspiracy on the part of such defendants and others to injure the plaintiff. It is obvious that many of the fifty allegations of the first cause of action based upon the recovery of royalties are not entirely applicable to the second cause of action based upon conspiracy. An epitome of the pertinent allegations as applicable to the second cause of action (partly adopted from the defendant's brief) would include the following:

(1) The plaintiff and its affiliate first built a theatre embodying the patent of the plaintiff in Camden, New Jersey, in 1933. This theatre was closed and dismantled in 1936 by reason of the fact that affiliates of the defendants, viz., Paramount Pictures, Inc., and Paramount Film Distributors, in combination and conspiracy with owners and operators of conventional theatres in the Camden-Philadelphia area, practiced a film boycott and applied economic duress by refusing to supply new and appropriate film and by charging rental for film substantially in excess of that charged to other theatres in the area.

(2) As a result of the "economic duress" arising from practices of the defendants' affiliates and associates, the plaintiff was forced to grant to defendants and to other associates and affiliates of Paramount Pictures, Inc., territorially exclusive licenses at inadequate royalty rates.

(3) On or about November 20, 1940 as a result of such "economic duress" and at a time when plaintiff was without benefit of legal counsel, plaintiff was forced to enter into an agreement whereby defendants were granted an exclusive license to construct and operate patented drive-in theatres in Texarkana, Texas, and Mobile, Alabama, as well as in all of Mississippi, Louisiana, and certain parts of Florida, all at a great expense and disadvantage to plaintiff.

(4) Since the execution of the exclusive licensing agreement of November 20, 1940, plaintiff has been greatly damaged by defendants' representations that they alone could build and operate the patented drive-in theatres within the designated territories.

As heretofore indicated the present motion is to dismiss the second cause of action because the complaint shows that the claim is barred by the applicable Statute of Limitations.

■ That a motion to dismiss may be granted when the time alleged in the complaint shows that the action was not commenced within the statutory period is amply sustained by the authorities. A. G. Reeves Steel Construction Co. v. Weiss, 6 Cir., 119 F.2d 472; 2 Moore's Fed.Pr., 2d Ed., p. 2257; Riley v. Union Pac. R. Co., D.C., 88 F.Supp. 391.

The questions, then, that immediately present themselves are (1) What is the applicable Statute of Limitations? and (2) When did it begin to run?

■ (1) There seems to be no dispute that the applicable Statute is that of Delaware.[2] The gist of this second cause of action, as heretofore stated, is that it is brought to recover damages for acts of the defendants resulting from a formed conspiracy on the part of such defendants and others to injure the plaintiff. As such it constitutes a civil action sounding in tort. In Delaware, prior to the new Rules of 1948, the remedy for an injurious conspiracy was an action on the case.[3] The language of the applicable Delaware Statute of Limitations was somewhat changed in 1947 but the term of limitation, to wit, three years, was not

1. Federal Rules of Civil Procedure, rule 12(b) (6), 28 U.S.C.A.

2. Momand v. Universal Film Exchanges, 1 Cir., 172 F.2d 37, 47.

3. Diver v. Miller, 34 Del. 207, 4 W.W. Harr, 207, 148 A. 291.

changed.[4] The act in force when the present complaint was filed appears in the footnote.[5]

■ (2) When did the cause of action accrue? The gravamen of a civil action for conspiracy is found in the overt act which results from the conspiracy and culminates in damage to the plaintiff. As said in Nalle v. Oyster, 230 U.S. 165, 182, 33 S. Ct. 1043, 1048, 57 L.Ed. 1439, "no civil action lies for a conspiracy unless there be an overt act that results in damage to the plaintiff."

■ The distinction between the application of a Statute of Limitations in a criminal conspiracy case and such application in a civil case based upon a conspiracy has been clearly pointed out in Momand v. Universal Film Exchanges, 1 Cir., 172 F.2d 47, at page 49. There it is shown that in a criminal prosecution the Statute of Limitations does not begin to run until the last overt act performed in compliance with the original agreement has been accomplished. A civil case, however, is based upon the damage caused by the commission of the overt act and the applicable statute must run from the time of the commission of that act which is alleged to have caused the damage. The reason is obvious as pointed out both in the Momand case and in Northern Kentucky Telephone Co. v. Southern Bell Telephone & Telegraph Co., 6 Cir., 73 F.2d 333, 97 A.L.R. 133, certiorari denied 294 U.S. 719, 55 S.Ct. 546, 79 L.Ed. 1251.

If the Statute of Limitations had no precise date, as the happening of the overt act, from which it could be computed, then there could be no limitation of actions at all applicable where the conspiracy continued. Of even greater importance is the fact that the injured party would seem to have no right of action so long as the conspirators chose to keep the conspiracy in a continuing state. The Statute of Limitations must run from the commission of the several overt acts complained of.

In this case there are only two overt acts clearly defined and indicated in the amended complaint. One is the alleged duress and conspiracy resulting in the closing of the Camden Theatre in 1933. The other is the duress and conspiracy culminating in the exclusive license agreement of November 20, 1940.

At the argument plaintiff's counsel suggested several matters in the rather lengthy amended complaint that could be considered as overt acts happening or coming to their knowledge within the Statute of Limitations. Some of these are clearly matters only affecting damages allegedly resulting from the overt act and not such matters as would themselves constitute overt acts from which to compute the running of the Statute.

The Rules of Civil Procedure and the applicable decisions thereunder plainly indicate that a case should not be dismissed if, upon any theory, the complaint alleged a claim upon which relief can be granted.[6]

On the other hand, where the applicable Statute of Limitations is directly presented, the complaint should show some claim upon which recovery could be had so that time and effort need not be needlessly consumed.

■ In the present complaint two, and two only, overt acts are expressly alleged and these are of date beyond the Statute of Limitations, although damages resulting therefrom may have continued. In order that the plaintiff may not be prejudiced, it seems proper to indicate that the second cause of action must be dismissed unless within 30 days from an appropriate order hereon the plaintiff, by amendment to the complaint, alleges an overt act within the period of the Statute of Limitations.

4. See Revised Code of Delaware 1935, Chapter 146, Sec. 6, Code, § 5129 and as amended by Act of April 2, 1947, Vol. 46 Laws of Delaware, Ch. 115.

5. " * * * and no action to recover damages caused by an injury unaccompanied with force or resulting indirectly from the act of the defendant shall be brought after the expiration of three years from the accruing of the cause of such action. * * * "

6. Continental Collieries v. Shober, 3 Cir., 130 F.2d 631, 635; Reynolds International Pen Co. v. Eversharp Inc., D.C., 5 F.R.D. 382, 384.