Pokrzywnicki, Appellant, *v.* Kozak et al.

Argued March 26, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Alexander J. Bielski,* with him *Myron E. Rowley, Ralph E. Smith* and *Rowley & Smith,* for appellant.

*Lawrence H. Stern,* for appellees.

PER CURIAM, May 27, 1946:

The bill in this case prays for a dissolution, accounting and receivership of a partnership. Plaintiff, appellant here, bases his claim therefor on the ground that he is an assignee of the interest of Edna Pokrzywnicki, one of the partners: Uniform Partnership Act of March 26, 1915, P. L. 18, Part VI, §32. The bill was dismissed by the learned Chancellor after he found as a fact that there was no valid assignment of her partnership interest to plaintiff. The Chancellor also found that Edna Pokrzywnicki and Andrew R. Kozak are partners, trad-

ing as "Colonial Grill" in the operation of a business in Ambridge, Beaver County, and that their partnership agreement provides inter alia, that one partner cannot sell or assign his or her interest without the consent of the other partner. It was further found that Kozak had refused to give his consent; to recognize the assignment or to accept plaintiff as a partner. The learned court below concluded that plaintiff has no standing to maintain the bill because he has no valid assignment of the partnership interest, and that to recognize him in the case would be to destroy entirely the aforesaid provision of the partnership agreement. The case was carefully considered by the learned Chancellor and the court en banc and the findings of fact and conclusions of law are unassailable and have the force and effect of a verdict of a jury. We cannot disturb them when, as here, they are based upon substantial testimony. We can only do so when clear error is shown: *Quinn Coal Co. v. Scranton A. C. Co.,* 350 Pa. 21, 38 A. 2d 77.

Decree affirmed at the cost of appellant.