In the Matter of ROBERTO GRAZIANI et al., Respondents, against THOMAS E. ROHAN et al., Constituting the State Liquor Authority, Appellants.

First Department, March 29, 1960.

*John J. Hyland* of counsel (*Hyman Amsel,* attorney), for appellants.

*Marc Hermelin* for respondents.

*Per Curiam.* In 1958 Roberto Graziani purchased a restaurant in the Borough of Manhattan for $7,000 and was granted a restaurant liquor license in connection with the operation of that restaurant. About one year later Alfredo Viazzi applied for the issuance of the restaurant liquor license for those premises in his name, stating that he had agreed to buy the restaurant for the sum of $45,750, although his total net worth as set forth in the application consisted of some $200 in a checking account.

The New York City Alcoholic Beverage Control Board recommended disapproval of Viazzi's application on the ground that he had not made a satisfactory financial showing of ability to operate the restaurant in conformity with the requisite standards. Viazzi requested a hearing before the State Liquor Authority, but withdrew his application before any hearing was held.

A new application was thereafter filed for the issuance of a license in the names of Graziani and Viazzi as copartners. The partnership agreement recited that Graziani and Viazzi were to share equally in the profits and losses. Viazzi, however, was not required to make any financial contribution to the partnership nor would he share in any proceeds from the sale of any of the partnership assets or the dissolution or termination of the partnership, although he agreed to devote all his time, efforts and energy to the conduct of the business.

This time the New York City Alcoholic Beverage Control Board recommended approval of the application, but the State Liquor Authority, referring to the prior application in which

disapproval had been recommended because of Viazzi's unsatisfactory financial showing, found that the arrangement on which the new application was based was not a true copartnership but a device calculated to evade the consequences of the prior unsuccessful application. It disapproved the application. Special Term annulled this determination on the grounds that the laws of this State did not require financial investment for a true partnership, and that there was not any requirement for financial investment in the Alcoholic Beverage Control Law or the regulations of the State Liquor Authority.

Under the circumstances of this case it was entirely within the province of the State Liquor Authority to determine that what was presented here was a partnership on paper only, and that irrespective of the validity of the partnership arrangements *inter sese*, it would be sound public policy to require some showing of financial stability and a real stake in the business on the part of licensees, whether as individuals or as partners (*Matter of Tobkes* v. *O'Connell*, 272 App. Div. 240). Though there may be strong arguments to the contrary, where the findings have some foundation in fact and in reason, administrative determinations should be left free of judicial interference (*Matter of Fiore* v. *O'Connell*, 272 App. Div. 927, affd. 297 N. Y. 260; *Matter of Ruzicka* v. *O'Connell*, 270 App. Div. 1051). We cannot in these circumstances reject as arbitrary and capricious the Authority's apprehensions that with no investment to protect and every incentive to increase profits Viazzi might succumb to the temptation of violating provisions of the Alcoholic Beverage Control Law. There is no requirement that such policy determinations need be based on specific statutory or regulatory provisions.

The order appealed from should be reversed on the law and the facts, with costs to appellant, the petition dismissed, and the determination of the State Liquor Authority confirmed.

BOTEIN, P. J., RABIN, VALENTE and STEVENS, JJ., concur in *Per Curiam* opinion; M. M. FRANK, J., dissents and votes to affirm on the opinion of Mr. Justice MARKOWITZ at Special Term.

Order reversed on the law and on the facts, with $20 costs and disbursements to appellant, the petition dismissed, and the determination of the State Liquor Authority confirmed.