**Richard K. CHAIKEN, Complainant-Appellant,**

v.

**EMPLOYMENT SECURITY COMMISSION, composed of James M. Rosbrow, Frank J. Carello, Jr., Wilbert Rawley, Carl J. Scott, and G. Harvey Tingle, Appellees.**

Superior Court of Delaware, New Castle.

Feb. 4, 1971.

Frederick Knecht, Jr., of Knecht, Greenstein & Berkowitz, Wilmington, for complainant-appellant.

Jay H. Conner, of Conner & Daley, Wilmington, for appellees.

OPINION

STOREY, Judge.

Pursuant to 19 Del.C. § 3359, the Employment Security Commission, hereinafter referred to as the Commission, levied an involuntary assessment against Richard K. Chaiken, complainant, hereinafter referred to as Chaiken, for not filing his unemployment security assessment report. Pursuant to the same statutory section, a hearing was held and a determination made by the Commission that Chaiken was the employer of two barbers in his barber shop and that he should be assessed as an employer for his share of unemployment compensation contributions. Chaiken appealed the Commission's decision pursuant to 19 Del.C. § 3344(c). This Court may not set aside a decision of the Commission unless there is either no substantial evidence to reasonably support the finding or error of law. 19 Del.C. § 3344(c).

In this case there is sufficient evidence to support the finding, and no error of law.

Both in the administrative hearing and in his appeal brief Chaiken argues that he

had entered into partnership agreements with each of his barbers and, therefore, was and is not subject to unemployment compensation assessment. Under 19 Del.C. § 3302(10) (D), the burden is upon the individual assessed to show that he is outside the ambit of the statutory sections requiring assessment. If Chaiken's partnership argument fails he has no secondary position and he fails to meet his burden.

Chaiken contends that he and his "partners":

(1) properly registered the partnership name and names of partners in the Prothonotary's office, in accordance with 6 Del.C. § 3101,

(2) properly filed federal partnership information returns and paid federal taxes quarterly on an estimated basis, and

(3) duly executed partnership agreements.

Of the three factors, the last is most important. Agreements of "partnership" were executed between Chaiken and Mr. Strazella, a barber in the shop, and between Chaiken and Mr. Spitzer, similarly situated. The agreements were nearly identical. The first paragraph declared the creation of a partnership and the location of business. The second provided that Chaiken would provide barber chair, supplies, and licenses, while the other partner would provide tools of the trade. The paragraph also declared that upon dissolution of the partnership, ownership of items would revert to the party providing them. The third paragraph declared that the income of the partnership would be divided 30% for Chaiken, 70% for Strazella; 20% for Chaiken and 80% for Spitzer. The fourth paragraph declared that all partnership policy would be decided by Chaiken, whose decision was final. The fifth paragraph forbade assignment of the agreement without permission of Chaiken. The sixth paragraph required Chaiken to hold and distribute all receipts. The final paragraph stated hours of work for Strazella and Spitzer and holidays.

The mere existence of an agreement labelled "partnership" agreement and the characterization of signatories as "partners" does not conclusively prove the existence of a partnership. Rather, the intention of the parties, as explained by the wording of the agreement, is paramount. Fenwick v. Unemployment Compensation Commission, 133 N.J.L. 295, 44 A.2d 172 (1945).

A partnership is defined as an association of two or more persons to carry on as co-owners a business for profit. 6 Del.C. § 1506(a). As co-owners of a business, partners have an equal right in the decision making process. 6 Del.C. § 1518(5). But this right may be abrogated by agreement of the parties without destroying the partnership concept, provided other partnership elements are present. Potter v. Brown, 328 Pa. 554, 195 A. 901, 118 A.L.R. 1415 (1938).

Thus, while paragraph four reserves for Chaiken all right to determine partnership policy, it is not standing alone, fatal to the partnership concept. Co-owners should also contribute valuable consideration for the creation of the business. Under paragraph two, however, Chaiken provides the barber chair (and implicitly the barber shop itself), mirror, licenses and linen, while the other partners merely provide their tools and labor—nothing more than any barber-employee would furnish. Standing alone, however, mere contribution of work and skill can be valuable consideration for a partnership agreement. George v. Unemployment Compensation Commission, 3 Terry 558, 41 A.2d 465 (Del.Super. 1945); Graziani v. Rohan, Sup., 195 N.Y. S.2d 156 (1960), rev'd. on other grounds 10 A.D.2d 154, 198 N.Y.S.2d 383, aff'd. 8 N.Y.2d 967, 204 N.Y.S.2d 346, 169 N.E.2d 8.

Partnership interests may be assignable, although it is not a violation of partnership law to prohibit assignment in a partnership agreement. 6 Del.C. § 1527.

Therefore, paragraph five on assignment of partnership interests does not violate the partnership concept. On the other hand, distribution of partnership assets to the partners upon dissolution is only allowed after all partnership liabilities are satisfied. 6 Del.C. § 1518(1). But paragraph two of the agreement, in stating the ground rules for dissolution, makes no declaration that the partnership assets will be utilized to pay partnership expenses before reversion to their original owners. This deficiency militates against a finding in favor of partnership intent since it is assumed Chaiken would have inserted such provision had he thought his lesser partners would accept such liability. Partners do accept such liability, employees do not.

■ Most importantly, co-owners carry on "a business for profit." The phrase has been interpreted to mean that partners share in the profits and the losses of the business. The intent to divide the profits is an indispensable requisite of partnership. Lutz v. Boas, 40 Del.Ch. 130, 176 A.2d 853 (Del.Super.1961); Garber v. Whittaker, 6 W.W.Harr. 272, 174 A. 34 (Del.Super. 1934); Jones v. Purnell, 5 Pennewill 444, 62 A. 149 (Del.Super.1905). Paragraph three of the agreement declares that each partner shall share in the income of the business. There is no sharing of the profits, and as the agreement is drafted, there are no profits. Merely sharing the gross returns does not establish a partnership. 6 Del.C. § 1507(3). Nor is the sharing of profits prima facie evidence of a partnership where the profits received are in payment of wages. 6 Del.C. § 1507(4) (B).

The failure to share profits therefore, is fatal to the partnership concept here.

Evaluating Chaiken's agreement in the light of the elements implicit in a partnership, no partnership intent can be found.

The absence of the important right of decision making or the important duty to share liabilities upon dissolution individually may not be fatal to a partnership. But when both are absent, coupled with the absence of profit sharing, they become strong factors in discrediting the partnership argument. Such weighing of the elements against a partnership finding compares favorably with Fenwick v. Unemployment Compensation Commission, *supra*, which decided against the partnership theory on similar facts, including the filing of partnership income tax forms.

In addition, the total circumstances of the case taken together indicate the employer-employee relationship between Chaiken and his barbers. The agreement set forth the hours of work and days off—unusual subjects for partnership agreements. The barbers brought into the relationship only the equipment required of all barber shop operators. And each barber had his own individual "partnership" with Chaiken. Furthermore, Chaiken conducted all transactions with suppliers, and purchased licenses, insurance, and the lease for the business property in his own name. Finally, the name "Richard's Barber Shop" continued to be used after the execution of the so called partnership agreements.

■ It is the conclusion of this Court that Chaiken did not carry the burden of proving the existence of partnerships with Spitzer and Strazella. The Commission should have made this determination first rather than merely have tested the facts of the case under 19 Del.C. § 3302(10) (D). Since, however, no partnership at law exists, the facts support the Commission's finding that Chaiken did come within the provisions of 19 Del.C. § 3302(10) (D). The Commission's decision is affirmed.

It is so ordered.