Fuchsberg, J.
In these two cases we confront directly the question of the manner and scope of judicial review of awards made by public arbitration panels acting pursuant to subdivision 4 of section 209 of the Civil Service Law in their determination of disputes arising from failures of local governments and their employees to reach collective bargaining agreements.
The County of Nassau and its police and the City of Albany and its firefighters, after exhausting all intermediate steps in negotiating new contracts, submitted their controversies to binding, compulsory arbitration pursuant to the mandate of the Taylor Law (Civil Service Law, § 209, subd 4). Each arbitration panel reached a determination and made an award which reflected in part the requests of the government and in part those of the employees.
In the first case, the Appellate Division dismissed an article 78 proceeding (with a request for relief in the alternative under article 75) brought by Ralph Caso, the County Executive of Nassau County, against the Nassau County Public Relations Board to review and annul a panel’s award of a wage increase to the police and granted the cross motion of the board to confirm the award, holding that article 78 is the proper procedural vehicle for its review and that on such review the appropriate standard is whether the award is supported by substantial evidence (CPLR 7803, subd 4). The county had joined the collective bargaining agent for the *156 police, Nassau County Patrolmen’s Benevolent Association, as a respondent.
In the second case, a proceeding pursuant to CPLR article 75 (CPLR 7510) brought by the Albany Permanent Professional Firefighters Association to confirm a panel’s award was consolidated by the Appellate Division with an article 78 proceeding brought by the city against both the Albany Public Employment Relations Board (PERB) and the members of the arbitration panel to annul that award. The firefighters were intervenors in the latter proceeding. The Appellate Division unanimously affirmed judgments of the Supreme Court which confirmed the award in the firefighters’ proceeding and dismissed the city’s article 78 proceeding, holding that article 75 was the proper procedural vehicle, but "broadened in scope” by our decision in Mount St. Mary’s Hosp. v Catherwood (26 NY2d 493) to make applicable on review the test as to whether the determination "was arbitrary or capricious”. (51 AD2d 386, 390.)
Preliminarily, we note that subdivision 4 of section 209 of the Taylor Law, applicable when local governments and their police or firefighters cannot reach agreement on a new contract, does not specify either the procedure or the standard by which the arbitrations it mandates are to be tested. Indeed, it does not expressly provide for any review. But such legislative silence does not mean that the actions of the arbitrators are therefore unreviewable (see Matter of Guardian Life Ins. Co. v Bohlinger, 308 NY 174, 183). At least since our decision in Mount St. Mary’s Hosp. v Catherwood (supra), a case that arose under a different statute, it has been clear that, in New York, when arbitration has been made compulsory rather than consensual, availability of review sufficient to meet due process standards is required (Mount St. Mary’s Hosp. v Catherwood, supra, pp 501, 508).
We therefore focus first on the proper procedural path for review of compulsory Taylor Law arbitrations, a question which, though it has previously invited judicial concern (see City of Amsterdam v Helsby, 37 NY2d 19, 38-41; Matter of Buffalo Police Benevolent Assn. v City of Buffalo, 81 Misc 2d 172), is met head on by us for the first time today. We now decide that the appropriate vehicle for review is article 75.
A number of considerations dictate that view. Section 209, in denominating "arbitration” as the final step in resolving these disputes, makes unqualified use of that word; article 75 *157 is our only statutory vehicle for the enforcement of arbitration. It is structured to provide the procedural and practical guidance most useful to both courts and parties in obtaining review in an orderly fashion (see, e.g., CPLR 7511). Perhaps most importantly, it is not the PERB or the arbitration panel but the local governments and their employees who are the real parties in interest; it is under article 75 procedure, and not under that provided by article 78, that both parties in interest will be brought face to face with one another as advocates of their respective positions. In contrast, the PERB, which itself possesses no power to review the arbitration award, after having completed its role in facilitating the mediational and negotiational steps the statute requires of the parties preceding arbitration (Civil Service Law, § 209, subd 4, pars [a], [b]), and after setting up the arbitration itself (§ 209, subd 4, par [c], els [i], [ii]), plays no part in the actual conduct or decision-making of the arbitration panel and, as a consequence, will not be possessed of the knowledge relevant to facilitate review. There is no logical reason to call upon the PERB to defend a decision which, for all that appears, may be different from the one it would itself have reached.
For its part, the arbitration panel, as pointed out in the Albany case by Mr. Justice Larkin at the Appellate Division, Third Department, is an ad hoc body composed of three citizens (§ 209, subd 4, par [c], cl [ii]); by the time of review, it will already have made its views available to the court in its decision and on the record in the case. It is called into existence only to decide the dispute before it. It represents neither of the parties. Moreover, a requirement that those who serve on such panels be prepared to defend their awards in court, perhaps even at their own expense, could only work to discourage qualified and competent persons from serving as arbitrators and, perhaps, even to frustrate the flexible design of the arbitral process itself.
We turn next to the question of whether the arbitration awards made under subdivision 4 of section 209 are to be treated as quasi-judicial or as quasi-legislative for purposes of review.
In that connection, we note first that, though the statute itself pointedly directs the attention of the panel to such vital factors as the comparability of the benefits received by the employees before it with those of similar employees in public and private employment in comparable communities, the *158 financial ability of the public employer to pay, and the public interest (§ 209, subd 4, par [c], cl [v], subcls a-d), it mandates that they be taken into "consideration” only "so far as it deems them applicable” (§ 209, subd 4, par [c], cl [v]). Similarly, the precatory language that the "panel shall make a just and reasonable determination of the matters in dispute”, an injunction expressly intended for the panel and not reviewing courts, bespeaks a like elasticity. (§ 209, subd 4, par [c], cl [v].) The latitude with which these phrases are to be applied is suggested also by the fact that the essential function of these compulsory arbitration panels is to "write collective bargaining agreements for the parties” (Mount St. Mary’s Hosp. v Catherwood’ 26 NY2d 493, 503, supra). It follows that such awards, on judicial review, are to be measured according to whether they are rational or arbitrary and capricious in accordance with the principles articulated in Mount St. Mary’s Hosp. v Catherwood (supra) (see CPLR 7803, subd 3, for parallel language).
Of course, the presence of evidence pertaining to any or all of the specific criteria which are to be "considered” is a factor to be taken into account when determining whether the award itself is founded on a rational basis (see Matter of Pell v Board of Educ., 34 NY2d 222; Matter of Graziani v Rohan, 10 AD2d 154, affd 8 NY2d 967). An award may be found on review to be rational if any basis for such a conclusion is apparent to the court (Matter of Pell v Board of Educ., supra; see Matter of Campo Corp. v Feinberg, 279 App Div 302, affd 303 NY 995). And it need only appear from the decision of the arbitrators that the criteria specified in the statute were "considered” in good faith and that the resulting award has a "plausible basis” (Matter of Caruci v Dulan, 41 Misc 2d 859, 862, revd on other grounds 24 AD2d 529). Though the presence of evidence which could have met a substantial evidence test may serve to meet the test of rationality, the substantial evidence test as such is not the criterion here (Mount St. Mary’s Hosp. v Catherwood, supra, p 508).
In point of fact, in each of the cases before us, the records and the opinions of the arbitrators indicate that the panels gave careful consideration to the criteria enumerated by subdivision 4 of section 209 and were alert to the ravages which rising inflation and economic stress are now visiting on local governments and their employees alike. In the Albany case, voluminous and detailed exhibits and its Mayor’s vigor *159 ous amplification of the city’s written and detailed presentation of its tax resource limitations and over-all costs were presented; in juxtaposition the firefighters’ presented their own economic and comparative scale proof in great detail. The panel there, obviously selective in its award, while allowing a wage increase equal to that earlier recommended by the impartial fact finder, rejected the firefighters’ economic benefit demands relating, among other things, to pension, longevity, vacation, overtime, personal leave and release time. In the Caso case, Mr. Justice Hopkins, writing for the Appellate Division, Second Department, went so far as to describe the extended evidence presented there as "monumental” and specifically found that "serious and close attention was devoted to all of the matters mandated for consideration by the statute”. (53 AD2d 373, 379.)
Nevertheless, we comment on two subsidiary issues raised by the parties. First is the county’s contention, in the Caso case, that the burden of proof to show that it has the ability to pay the award should be placed upon the employees under a kind of presumption that the county’s best offer during bargaining prior to arbitration represented its good faith statement of the most it could afford. But our statutes and case law indicate plainly that the burden to show invalidity of any arbitral award is upon the party who brings a proceeding to set it aside (see Korein v Rabin, 29 AD2d 351; Matter of Brill [Muller Bros], 40 Misc 2d 683, revd on other grounds 17 AD2d 804, affd 13 NY2d 776, cert den 376 US 927; see, generally, 16 Williston, Contracts [3d ed], § 1923A, p 650) and, for that matter, in a proceeding brought to review a quasi-legislative determination made by an agency, the burden again is on the party who challenges to show that the determination lacks rational basis (see Matter of Pell v Board of Educ., 34 NY2d 222, supra; Matter of Mallen v Morton, 199 Misc 805; 1 NY Jur, Administrative Law, § 182, and cases cited therein).
The second subsidiary issue was raised by the City of Albany. It contends that, as no "record” of the, proceedings before the arbitration panel was made, proper review cannot be had here. It is undisputed that neither party in the Albany case made advance written request for a reporter for the purpose of making a verbatim transcript (see PERB’s rules, 4 NYCRR 205.7 [d]), not even when the chairman of the panel made particular inquiry of both sides at the outset of the hearings.
*160 Finally, the fact that the Caso proceeding was brought solely under article 78 and was adjudicated on review by the Appellate Division under the substantial evidence test is no bar to our upholding that court’s confirmation of the arbitral award in this instance. Although in a proceeding brought in form under article 78 the governmental or administrative agency rather than the employees or their collective bargaining agent would be expected to be the respondent, here the collective bargaining agent was joined and has submitted a brief on this appeal in which it is made clear that confirmation is exactly what the employees seek; thus, they are not prejudiced by an affirmance. Moreover, the opinion in the Appellate Division, in detailing its reasons for confirming the award, more than adequately shows that the panel had a rational basis for the result it reached.
Accordingly, the determination of the Appellate Division in each case should be affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones and Wachtler concur; Judge Cooke taking no part.
In Caso v Coffey: Judgment affirmed, with costs.
In Matter of Albany Permanent Professional Firefighters Assn. (Corning): Order affirmed, with costs.