**In re Charles J. WALSH, Debtor.**

**Robert O. TYLER, Trustee, Plaintiff,**

**v.**

**William L. WALDE, Defendant.**

**Bankruptcy No. 80–00090.**
**Adv. Nos. 81–0031, 81–0095.**

United States Bankruptcy Court,
District of Columbia.

Sept. 23, 1981.

Marc Albert, Williams, Myers & Quiggle, Washington, D.C., for trustee.

Roy B. Zimmerman, Alexandria, Va., for defendant.

MEMORANDUM OPINION

(Trustee's Motion for Summary Judgment)

ROGER M. WHELAN, Bankruptcy Judge.

This proceeding comes before this court on the trustee's motion for summary judgment. The sole issue for resolution by this court deals with the validity of several as-

signments made by the debtor, Charles Walsh, to the defendant, William L. Walde, of the former's interest in certain limited partnerships.[1] The assignments made by the debtor, although general in nature,[2] specifically provide that:

"In the event that such required approval is not obtained, Buyer shall nevertheless remain as the assignee of Seller's rights as aforesaid and shall be entitled to all the right, title and interest in Seller's general partnership interest in the Limited Partnership except that Seller shall remain as the named general partner. Under such circumstances, Seller shall request that all distributions or other payments to be made by or on behalf of the Limited Partnership to Seller be made directly to Buyer. In the event payments are made to Seller, Seller shall immediately turn such payments over to Buyer." Agreement of Assignment, Trustee's Ex. No. 1, ¶ 3.

Defendant Walde maintains that an effective assignment occurred as to the debtor's interest in the profits and surplus of the partnership under the express language of the assignment agreement. The plaintiff— the trustee in bankruptcy—argues that because the partnership agreement required the consent of all general partners to any transfer of interest, that the assignment is null and void in its entirety as the consent was never obtained by the debtor. The court concludes, as a matter of law, that the assignment, limited as it is to "the share of profits, fees, distributions of cash flow . . ." is valid based on applicable statutory and case law, and therefore denies the trustee's motion for summary judgment.[3]

■ There are, with respect to every partnership, three separate interests held by each respective partner—rights in specific partnership property, interest in the partnership, and rights to participate in the management of the partnership.[4] As appropriately described in Crane and Bromberg's treatise on partnerships[5]

"A partner's interest in the firm bears roughly the same relation to the firm's property as a share of General Motors stock does to a Chevrolet on the assembly

---

1. These assignments (Trustee's Exhibit 1) made prior to the filing of an involuntary petition in bankruptcy by the debtor are described as follows: agreement of assignment dated January 24, 1980 of the debtor's general partnership interest in 2900 Van Ness Associates, agreement of assignment dated March 12, 1980 of the debtor's general partnership interest in Vienna Woods Associates, agreement of assignment dated March 12, 1980 by the debtor of a general partnership interest in Lake Vista Associates, and an agreement of assignment dated March 12, 1980 by the debtor of a general partnership interest in Stewartown Associates.

2. The assignment agreements all substantially contain language to the effect that: "Seller hereby assigns to buyer, all of his general partnership interest in the limited partnership including the right to receive from the partnership the share of proceeds, fees, distributions of cash flow, funds or proceeds from the sale or refinancing of the property of the limited partnership or from liquidation, or other compensation to which seller would otherwise be entitled with respect to the limited partnership, and the right to the return from the limited partnership of seller's capital contribution, advances or loans to the limited partnership." Such language, when viewed with the debtor's statement in his statement of affairs regarding the (see response to question 12b) transfer of prop-

erty in which the debtor lists the transfers as a transfer of his general partnership interest. This indicates that what was intended was a complete and outright transfer of the entire partnership interest. Furthermore, since the debtor makes no mention of any kind in the bankruptcy schedules as to any of the aforesaid partnerships, it is clear that not only an outright assignment of the partnership interest was intended, but also an assignment of all the partnership's rights.

3. There still remains, however, based on the filed complaint of the trustee in bankruptcy, the additional issue as to whether or not the assignments in question constituted fraudulent transfers pursuant to 11 U.S.C. § 548.

4. 41 D.C.Code § 323. The limited partnerships in issue are all located in different jurisdictions; namely, the District of Columbia, Maryland and Virginia. However, because all of the aforesaid jurisdictions have enacted the Uniform Partnership Act, statutory reference will be made for purposes of this opinion to the provisions of the Uniform Partnership Act as enacted in the District of Columbia.

5. Crane and Bromberg, Law of Partnership, § 40 at 231 (1968).

line. One is an ownership interest in the whole business organization; the other is a particular item owned by the organization."

The first and third of these aforedescribed property rights are not assignable without the consent of all parties, but the second property right—the partner's right to receive a share in the firm's profits and surplus—is assignable.[6] The specific issues raised, however, by the trustee's motion for summary judgment is whether this latter interest is assignable where the partnership agreement expressly prohibits an assignment of a partnership interest *in haec verba*. The partnership agreements specifically state that:

"No general partner may assign, transfer, mortgage or sell any portion of his Interest in the Partnership or in its capital assets or property, or enter into any agreement as the result of which any person shall become interested in the Partnership, without the prior approval of the other General Partners and HUD, if required, and the Consent of Limited Partners holding a majority of Limited Partnership Interests, which Consent shall not be unreasonably withheld."

This limitation on the transfer of a partnership interest as set forth in paragraph 10.03 of the limited partnership agreement of 2900 Van Ness Associates Amended Limited Partnership Agreement is substantially the same in all of the partnership agreements.

The trustee in support of his argument relies primarily upon two cases, namely, *Chaiken v. Employment Security Comm.*, 274 A.2d 707 (Super.Del.1971) and *Pokrzywnicki v. Kozak*, 354 Pa. 346, 47 A.2d 144 (1946) (per curiam).[7] In the *Pokrzywnicki* case, the court was called upon to determine whether, under existing facts, a partnership existed when there was an alleged assignment of the partnership interest by one partner even though the partnership agreement required the consent of the

other partner which was not given. The court found that there was no valid assignment of the partnership interest as to recognize the new partnership, "would be to destroy entirely the aforesaid provisions of the [original] partnership agreement." However, this case is distinguishable from the case presently before this court. In the *Pokrzywnicki* case there was an assignment of not only the profits from the partnership, but also the rights to participate in the management of the partnership and the rights in specific partnership property. Where the management of the partnership remains the same and the only thing that is transferred are the profits that the partner is entitled to receive, the business remains essentially the same. The only difference is who receives the income. Based on the limited facts presented by the court's opinion with respect to the nature of the specific interest assigned—namely, was there an outright assignment of all partnership rights or only the rights to profits—there is no clear cut answer as to whether this case stands for the proposition that the assignment of only the right to the profits of the partnership needs the consent of the partnership. It is however clear from this that under D.C. law (41 D.C. Code § 326(1)) when a partner assigns his partnership interest, as opposed to his rights in partnership property, there can be no right, in the absence of the partners consent, to maintain an action for dissolution.

In the *Chaiken* case, Judge Storey was called upon to determine whether a partnership existed where the only evidence of one was an agreement labelled "partnership agreement." In dicta, the court stated that "a partnership interest may be assignable" however, "it is not a violation of partnership law to prohibit assignment in a partnership agreement." *Chaiken v. Employment Security Comm., supra*, 274 A.2d at 709. However, this point was purely dicta

---

6. 41 D.C. Code § 325; *Sahs v. Sahs*, 48 Ill. App.3d 610, 6 Ill.Dec. 627, 363 N.E.2d 156, 157 (1977); *Dixon v. American Industrial Leasing Co.*, 157 W.Va. 735, 205 S.E.2d 4, 5 (1974); *In re Decker*, 295 F.Supp. 501, 510–511 (1969).

7. *See* pages 3 and 4 of trustee's brief in support of motion for summary judgment.

in the case as the main issue was whether there was in fact a partnership agreement. This court therefore will treat that proposition as dicta.

More apposite to the issues of whether the partners interest can be assigned contrary to the written prohibition against assignments in the partnership agreement is the case of *Dixon v. American Industrial Leasing Co. (Dixon)*. In the *Dixon* case, the joint venture agreement expressly required the consent of all partners to any transfer of an interest in the venture. The court found that where a partner transferred his interest in the partnership to a nonmember without consent of the other partners, the nonmember became an assignee and was therefore entitled to the assignor's share of the profit or surplus. They further ruled that the assignee "had no interest in the firm assets as such nor any right to participate in the management of or decisions of the joint venture. *He has only a bare interest in his proportionate share of profits or surplus.*" [Emphasis added] *Dixon v. American Industrial Leasing Co., supra,* 205 S.E.2d at 9. Although the court's ruling was ultimately directed to whether the assignee in that case was an indispensible party, its clear reference to definitive partnership law is consistent with the provisions of the Uniform Partnership Act (41 D.C. Code §§ 325, 326(1)). The court's ruling in the *Dixon* case is further consistent with how assignments of interests are treated— with or without consent of the remaining general partners. In *In re Decker,* the court was confronted with an outright assignment of a partner's interest in specific partnership property. While holding that the assignment of Decker's sale of specific partnership property was not authorized and therefore invalid, the court specifically held:

"The fact that the deed of trust did not purport to assign Decker's partnership interest is not material. The intent of the parties is the controlling factor and if a person may make an equitable assignment of a chose in action by words alone, a deed signed, sealed, delivered, acknowledged and recorded, should likewise suffice." *Supra,* 295 F.Supp. at 511.

Moreover, the court carefully explained in a prior paragraph:

"The court can only conclude that Decker intended to convey in trust all the interest in this land which he had the power to convey. The land being partnership property, all the interest in regard to this land which Decker could assign without the consent of all the partners was his interest in the partnership—his right to his share of the profits, and the surplus, if any, after the partnership affairs have been settled." *Id.*

■ It would appear from the intent of the parties in the case presently before this court, as evidenced by the clear language in the assignment itself, that in the event that Walsh could not secure the consent of all of his general partners with respect to a complete assignment of all partnership rights, an assignment of the partnership interest (namely his right to profits and surplus, if any) would, nonetheless, be effectuated.[8] Such an assignment limited to the partners interest alone, is clearly consistent with the Uniform Partnership Act and, despite the lack of consent by the general partners as required by the partnership agreement, promotes the alienability of choses in action.

For the reasons set forth above, the court concludes as a matter of law, that the trustee's motion for summary judgment must be denied.

---

**8.** *See* Agreement of Assignment, Trustee's Exhibit 1 ¶ 3.