# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ALBERT M. GRETO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. N17C-01-436 CLS |
| JOSEPH L. MESSA, JR & | ) | |
| ASSOCIATES, P.C. and JOSEPH | ) | |
| MESSA, JR., JENIMAE | ) | |
| ALMQUIST ENGELBRECHT, | ) | |
| RICHARD JOHN HELENIAK | ) | |
| and LEE DAVID ROSENFELD, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Date Submitted: May 18, 2018

Date Decided: July 23, 2018

On Defendants'

Motion for Summary Judgment.

**GRANTED, in part**

**and DENIED, in part.**

## ORDER

This action arises out of a claim for breach of contract. Plaintiff Albert M.

Greto (Greto) alleges that he contracted to serve as Delaware counsel for the Messa

& Associates Law Firm (Messa Firm) in several matters before Delaware Courts.

The complaint was filed in January 2017. Defendants filed this Motion for Summary

1

Judgement arguing Greto's claims are barred by the statute of limitations and individual Messa Firm associates cannot be held individually liable for actions taken as agents or employees of the Messa Firm.

## Background

In late 2010, Greto was contacted by Richard Heleniak from the Messa Firm to serve as Delaware counsel for two cases pending before the this Court.[1] Greto was substituted as Delaware counsel on January 5, 2011 for the consolidated action of these two cases.[2] Greto served as counsel for at least two actions filed in Delaware Courts for which Messa attorneys were admitted on a *pro hac vice* basis.[3] Sometime in 2013 the relationship began to sour and Greto sought to discontinue the relationship with the Messa Firm and its various associates. Greto now seeks payment for his representation in these matters.

## Standard of Review

The Court may grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

---

[1] The two cases indicated by Defendant Heleniak were C.A. Nos. N09C-10-202 EMD and N10C-03-288 PLA
[2] See transaction number 35204275 C.A # N09C-10-202 EMD
[3] *Morales v. Camarco*, and *Dina Rosh v. Lane Bryant*

2

party is entitled to summary judgment as a matter of law."[4] The moving party bears the initial burden of showing that no material issues of fact are present.[5] Once such a showing is made, the burden shifts to the non-moving party to demonstrate that there are material issues of fact in dispute.[6] In considering a motion for summary judgment, the Court must view the record in a light most favorable to the non-moving party.[7] The Court will not grant summary judgment if it seems desirable to inquire more thoroughly into the facts in order to clarify the application of the law.[8]

## Parties Assertions

Plaintiff Greto claims he served as Delaware counsel for the Messa Firm in four cases before Delaware Courts. Two of these cases were before this Court and two cases were before the United States District Court for the District of Delaware. Greto claims the parties entered into an agreement for each case whereby he would be reimbursed for all costs and expenses related to work as Delaware counsel incurred on behalf of the Messa Firm. Greto claims breach of contract, unjust enrichment, and *quantum meruit* for each of the four cases for which he served as

---

[4] Super. Ct. Civ. R. 56(c); *Burkhart v. Davies*, 602 A.2d 56, 59 (Del. 1991).
[5] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).
[6] *Id.* at 681.
[7] *Burkhart*, 602 A.2d at 59.
[8] *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962); *Phillip-Postle v. BJ Prods., Inc.*, 2006 WL 1720073, at *1 (Del. Super. Ct. Apr. 26, 2006).

Delaware counsel. The claims are leveled at the Messa Firm and the respective Messa attorneys admitted *pro hac vice* for each individual case.

Defendants have denied that Greto was Delaware counsel for the four cases before Delaware Courts. Defendants also deny contracting with Greto, and dispute that any fees are owed to Greto. Defendants move for summary judgment asserting Greto's claims are barred by the statute of limitations and that the Messa attorneys at all times were acting as agents or employees of the Messa Firm.

In response to this motion Plaintiff has submitted correspondence from Defendant Messa showing that an agreement for payment existed, the terms of which seem to be contradictory. In a letter dated April 15, 2014, Defendant Messa states Greto could expect his "reasonable bills (for billable time) [would] be paid at the time the matters [were] concluded."[9] The letter seems to indicate that payment would be made regardless of outcome. A second letter dated April 23, 2015, appears to contradict this stating Greto would receive contingency fees for contingency cases.[10]

Additionally, Plaintiff responds that individual Defendants Messa, Heleniak, and Rosenfeld are partners in the Messa Firm, a professional corporation, and

---

[9] Pl. Resp. Ex. A at 2
[10] Pl. Resp. Ex. B

4

therefore may be held individually liable for the debts of the firm. Plaintiff concedes Defendant Almquist is not a partner in the Messa Firm and summary judgment is proper as to her as an individual.

## Discussion

This Court has repeatedly held "a cause of action for breach of contract accrues at the time of the breach."[11] In the instant case Greto claims to not have been paid for services rendered under the several agreements entered into. The letters from Defendant Messa indicate the Messa Firm would only perform its contractual obligation to compensate Greto upon conclusion of a case. Plaintiff has submitted evidence reflecting the following termination dates for three of the cases in question: March 19 and 25 2015, and February 26, 2016. The Complaint in this case was filed on January 30, 2017, two years after the earliest date provided by Plaintiff and well within the three-year statute of limitations applicable under 10 *Del. C.* §8106.

## The Messa Firm's Organizational Structure

Defendants cite *Grand Ventures, Inc. v. Whaley* in support of their argument that "liability for an agent's culpable conduct imputes to the principal if the act falls

---

[11] *Nardo v. Guido DeAscanis & Sons, Inc.*, 254 A.2d 254, 256 (Del. Super. Ct. 1969).

within the scope of the agent's authority."[12]  Plaintiff cites *Grand Ventures* for the opposite proposition that an agent may be held independently liable for actions taken in his capacity as an agent.[13]  Additionally, Plaintiff offers *Chaiken v. Employment Sec. Comm'n* for the notion that in partnership partners may be held personally liable for the firm's debts.[14]

In *Grand Ventures* an insured sought damages for breach of contract and fraud against their insurance agency and their individual insurance agent.[15]  The Court upheld a jury's finding that a traditional principal/agent relationship existed between the individual agent and the insurance agency.[16]  That finding by the jury imputed liability for the agent's negligence to his principal.[17]  The Court also upheld the jury's finding that the agent remained individually liable for punitive damages for fraud.[18]  The present case is distinguishable from *Grand Ventures* in two respects; that the named Defendants are alleged to be partners in the Messa Firm, and that

---

[12] *Grand Ventures, Inc. v. Whaley*, 622 A.2d 655, 665 (Del. Super. Ct. 1992), aff'd, 632 A.2d 63 (Del. 1993)
[13] *Id*. at 666
[14] *Chaiken v. Employment Sec. Comm'n*, 274 A.2d 707, 710 (Del. Super. Ct. 1971).
[15] *Grand Ventures*. at 656.
[16] *Grand Ventures,* at 657
[17] *Id*.
[18] *Id*.

Plaintiff has not sought punitive damages against any of the individually named Defendants.[19]

Plaintiff is correct that under a traditional partnership agreement partners may be responsible for partnership debt. However, the title of "partner" in a law firm may belie the firms organizational structure as something other than a simple partnership.

Pennsylvania law provides several different organizational options for law firms ranging from limited partnerships to professional corporations. Delaware law permits formation of similar organizations which carry their own nuances for consideration by the Court. These statutory creatures are of little significance to the layperson, but impose varying degrees of personal liability for partners, directors, and shareholders. There remains a question of fact as to the organizational structure of the Messa Firm which must be resolved before granting summary judgment in favor of the individually named Defendants Joseph Messa, Jr., Richard John Heleniak, and Lee David Rosenfeld. Plaintiff does not oppose summary judgment in favor of Defendant Jenimae Almquist Engelbrecht.

---

[19] Pl. Resp. at 2

## Contractual Obligations of the Messa Firm

Plaintiff has alleged claims of breach of contract, unjust enrichment, and *quantum meruit*. These claims arise from the relationship where Greto rendered services under an agreement with members of the Messa Firm. Delaware courts "have consistently refused to permit a claim for unjust enrichment when the alleged wrong arises from a relationship governed by contract."[20] Viewing the record in a light most favorable to Greto it is clear his claims fall within the scope of either breach of contract or *quantum meruit* thus nullifying Greto's claim of unjust enrichment.

Greto's *quantum meruit* claims survive Defendant's motion. This Court has consistently held that *quantum meruit*:

> "is a quasi-contractual remedy by which a plaintiff, in the absence of an express agreement, can recover the reasonable value of the materials or services it rendered to the defendant. [A] party [can] recover the reasonable value of his or her services if: (i) the party performed the services with the expectation that the recipient would pay for them; and (ii) the recipient should have known that the party expected to be paid."[21]

---

[20] *Nemec v. Shrader*, 991 A.2d 1120, 1130 (Del. 2010).
[21] *Abacus Sports Installations, Ltd. v. Casale Const., LLC*, 2012 WL 1415603, at *2 (Del. Super. Ct. Feb. 14, 2012) (Internal citations omitted.)

8

It appears there are material facts remaining at issue before the Court. There are unresolved questions related to the contractual relationship between the parties and as to the organizational structure of the Messa Firm.

For the foregoing reasons, Defendant's Motion Summary Judgment is **GRANTED**, in part, and **DENIED**, in part. Defendant's Motion Summary Judgment as to Jenimae Almquist Engelbrecht and the unjust enrichment claims is **GRANTED**.

**IT IS SO ORDERED.**

_/s/ Calvin L. Scott____

**Judge Calvin L. Scott, Jr.**