GERALD LIPPOLD et al., Plaintiffs-Appellants, v. JOY BEANBLOSSOM et al., Defendants-Appellees.

(No. 12557;

Fourth District—November 21, 1974.

David C. Wahl, of Wiseman, Shaikewitz, McGivern, Bacus & Wahl, of Alton, for appellants.

Phelps, Russell, Carmody & Kasten, of Carlinville (Thomas P. Carmody and Carl E. Kasten, of counsel) for appellees.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Plaintiffs appeal from an order entered by the circuit court of Macoupin county granting defendants' motion to dismiss count one of plaintiff's complaint with prejudice. The issues before this court for resolution are: (1) Whether plaintiffs' motion to amend the complaint to conform to the proof should be permitted by this court, and (2) whether the trial court erred in dismissing count one of plaintiff's complaint.

On May 29, 1973, plaintiffs, Gerald Lippold and Rodney Arnett, filed a two-count complaint against defendants, Joy and Helen Beanblossom, alleging in count one the breach by the defendants of an oral contract to sell 7000 bushels of soybeans to plaintiffs at $4.42 per bushel. The count further alleged partial performance of said contract. On July 27, 1973, defendants filed a motion to dismiss plaintiff's complaint citing the affirmative defense of the statute of frauds. On October 31, 1973, plaintiffs filed a "Memorandum In Opposition to Defendants' Motions to Dismiss Count I and Count II of Plaintiffs' Complaint." The memorandum cited excerpts from what purported to be the discovery depositions of Joy and Helen Beanblossom taken on July 10, 1973, and alleged that defendants admitted in these depositions the existence of said contract. On December 6, 1973, the trial court dismissed the complaint with prejudice stating, as to count one, that the partial performance exception applies only to the executed part of the transaction, that oral contracts are unenforceable under the statute of frauds and that defendants have never admitted the existence of an oral contract between the parties. On December 28, 1973, plaintiffs filed a notice of appeal from that part of the order dismissing count one of their complaint. On March 27, 1974, plaintiffs filed a motion in this court for leave to file an amended complaint in order to conform to the proof.

■■ We must first decide whether plaintiffs' motion to amend the complaint should be granted by this court. Section 46(3) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 46(3)) states:

"A pleading may be amended at any time, before or after judgment, to conform the pleadings to the proofs, upon terms as to costs and continuance that may be just."

In the instant case, however, there s simply no proof to which the pleadings may be conformed. The trial court dismissed the complaint on the

initial motion of the defendants, and there was no testimony or evidence taken. In *Fultz v. Haugan,* 49 Ill.2d 131, 273 N.E.2d 403, 406, the court stated:

> "Plaintiff could therefore only amend the complaint to make the same conform to the proof. *However, the order of March 31 was entered pursuant to the defendant's motion to dismiss and no evidence by way of testimony or otherwise was presented, and thus no proof with which to make the complaint conform after judgment.*" (Emphasis added.)

Such is the situation in the present case, and plaintiffs' motion to amend in this court is denied. We note that there was a period of over 4 months from the filing of defendants' motion to dismiss until the court's final order dismissing the complaint in which plaintiffs could have filed a motion to amend the complaint to state a new cause of action under section 46(1) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 46(1)).

We further hold that the trial court did not err in dismissing count one of plaintiff's complaint. Plaintiffs sought enforcement of an oral contract and alleged partial performance of that contract. Under the Uniform Commercial Code (Ill. Rev. Stat. 1973, ch. 26, par. 2—201(1)) oral contracts for the sale of goods over $500 are not enforceable without some type of writing signed by the party against whom enforcement is sought. Section 2—201(3)(c) provides an exception for the completely executed part of an oral contract. However, the existence of a partial performance does not support a cause of action for anything over that already performed. Therefore, the existence of a defective cause of action was apparent on the face of the complaint, and the court properly dismissed the complaint.

■■ Section 2—201(3)(b) (Ill. Rev. Stat. 1973, ch. 26, par. 2—201(3) (b)) also provides an exception "if the party against whom enforcement is sought admits in his pleading, testimony or otherwise in court that a contract for sale was made * * *." Plaintiffs in their legal memorandum opposing defendants' motion to dismiss did cite excerpts from what purported to be the discovery depositions of defendants and alleged that defendants therein admitted the existence of said contract. However, these discovery depositions were not properly before the court for they were never filed with the clerk of the court. See Supreme Court Rule 207(b) (Ill. Rev. Stat. 1973, ch. 110A, par. 207(b)) for the certification and filing requirements for depositions. Therefore, on the basis of the record before him the trial judge did not err in dismissing plaintiffs' complaint.

Accordingly, for the reasons stated above the order of the circuit court of Macoupin county dismissing count one of plaintiffs' complaint is hereby affirmed.

Affirmed.

SMITH, P. J., and TRAPP, J., concur.