PATRICIA A. SAHS, Plaintiff-Appellee, *v.* CHARLES W. SAHS, Defendant-Appellant.

Second District   No. 76-39

Opinion filed May 9, 1977.

Michael T. Caldwell, of Caldwell, Berner & Caldwell, of Woodstock, for appellant.

H. Joseph Gitlin, of Woodstock, for appellee.

Mr. JUSTICE BOYLE delivered the opinion of the court:

The defendant-appellant, Charles W. Sahs, hereinafter referred to as "husband", and the plaintiff-appellee, Patricia A. Sahs, hereinafter referred to as "wife", were divorced in 1975. The husband appeals from certain provisions of the divorce decree.

The husband contends that the trial court committed several errors in the manner in which and the amount of alimony it awarded.

■■ To begin with, the husband contends the trial court erred in awarding any alimony at all. "The awarding of alimony is a matter which resides within the sound discretion of the trial court * * * and it will not be set aside unless it is contrary to the manifest weight of. evidence." (*Hoffmann v. Hoffmann* (1968), 40 Ill. 2d 344, 349, 239 N.E.2d 792, 795.)

The record reveals that there was ample evidence to justify the trial court's decision to award alimony.

Secondly, the husband alleges the trial court made its determination as to the size of the alimony award based upon an erroneous factual finding. Husband and his brother operated a tavern as a partnership. Each partner took a draw of $13,000 per year out of the firm. In 1974, the partnership had a taxable income in excess of $54,000. As a result, the husband had a taxable income of slightly more than $27,000. The trial court found that husband had a gross income in 1974 of slightly more than $27,000 and based the size of the alimony award on that figure. While husband concedes he had a taxable income of $27,000, he argues that the size of the alimony award should be based upon the $13,000 draw he took from the partnership.

We must agree with the trial court's determination that the alimony award should be based on the husband's $27,000 taxable income. One of the factors to be considered in determining the size of an alimony award is the paying party's ability to pay. *Turns v. Turns* (1968), 96 Ill. App. 2d 347, 239 N.E.2d 144; *Jackson v. Jackson* (1975), 34 Ill. App. 3d 407, 339 N.E.2d 764.

■■ The husband's claim that his share of the partnership's profits not yet withdrawn from the firm are a partnership asset is untenable. A partner's share of the firm's profits and surplus is his personal property. (Section 26 of the Uniform Partnership Act (Ill. Rev. Stat. 1975, ch. 106½, par. 26).) Furthermore, a partner may assign his right to receive those profits without dissolving the firm. (Section 27 of the Uniform Partnership Act (Ill. Rev. Stat. 1975, ch. 106½, par. 27).) Husband's share of the partnership's 1974 profits was slightly more than $27,000. This was his personal property. He paid taxes on it. He could have assigned his right to receive it. Therefore, it was proper to base an alimony award upon it.

Thirdly, the husband contends that the trial court erroneously granted both periodic alimony and alimony in gross.

We must agree.

■■ The decree awards the wife $75 per week in alimony. This clearly is periodic alimony. *McGaughy v. McGaughy* (1952), 410 Ill. 596, 102 N.E.2d 806; *Ball v. Ball* (1968), 183 Neb. 216, 159 N.W.2d 297.

The decree also requires the husband to make the mortgage and tax payments on the couple's marital home while the wife and the couple's two minor children live in it. The couple owns the house as joint tenants. The terms of the decree provide that the house is to be sold when the youngest child reaches age 18. After certain selling expenses and the mortgage payments made by the husband since the time of the decree are deducted, the proceeds are to be divided with one-third going to the husband and the remainder to the wife.

■■ The trial court failed to characterize this award as either alimony or child support. In light of this failure, we must agree with the husband and characterize this award as alimony in gross. *Palacio v. Palacio* (1975), 33 Ill. App. 3d 1074, 339 N.E.2d 427.

Thus, the trial court ordered both periodic alimony and alimony in gross. Under section 18 of the Divorce Act (Ill. Rev. Stat. 1973, ch. 40, par. 19), the trial court may not award both forms of alimony. *Overton v. Overton* (1972), 6 Ill. App. 3d 1086, 287 N.E.2d 47; *Hatch v. Hatch* (1973), 16 Ill. App. 3d 228, 305 N.E.2d 198; *Harding v. Harding* (1974), 18 Ill. App. 3d 550, 310 N.E.2d 19; *Green v. Green* (1976), 41 Ill. App. 3d 154, 354 N.E.2d 661.

■■ Furthermore, even if the trial court had not awarded periodic alimony, it would not have been proper for it to give the wife a disparate interest in the marital home. Such an award is proper only where special equities have been pleaded and proved. (*Overton v. Overton* (1972), 6 Ill. App. 3d 1086, 287 N.E.2d 47; *Pohren v. Pohren* (1976), 40 Ill. App. 3d 1063, 353 N.E.2d 6.) In this case, special equities were neither pleaded or proved.

■■ It was equally improper for the trial court to award the wife's interest in the couple's Arkansas realty to husband. This, too, was an award of a disparate interest without the showing of special equities.

■■ Next we turn to the trial court's awarding of attorneys' fees to the wife. The husband contends this was in error. We must agree. When the question of attorneys' fees is contested, as it was here, the trial court must conduct a hearing on the question. (*Jones v. Jones* (1964), 48 Ill. App. 2d 232, 198 N.E.2d 195.) If the court finds the requesting party lacks the financial ability to pay the fees and the other party has such an ability, it may award the fees. (*Berg v. Berg* (1967), 85 Ill. App. 2d 98, 229 N.E.2d 282.) Here the trial court held no such hearing and made no such findings.

The husband also objects to the trial court's decision to grant the wife attorneys' fees to answer his appeal.

Again, we must agree.

It is proper to award attorneys' fees to defend a decision that is on appeal. (*Buehler v. Buehler* (1942), 313 Ill. App. 264, 39 N.E.2d 705.) However, the trial court may do so only after it has found that the party requesting the fees is unable to pay them himself. (*Seeger v. Seeger* (1910), 154 Ill. App. 38.) No showing was made of an inability to pay. Therefore, the trial court should not have awarded the fees.

Finally, there is the matter of counsel for the wife submitting photostatic copies of a magazine article and an Illinois Appellate Court decision to the trial court while the case was under advisement. We do not feel the article or the decision was dispositive of any issue presented here.

We, therefore, reverse the judgment which awarded periodic alimony

and alimony in gross, the transfer of the wife's interest in the Arkansas realty without a showing of special equities, and the award of attorneys' fees without a showing that the party requesting the fees was not able to pay them herself.

We remand the cause to the trial court with directions to conduct a new hearing on these issues.

*Affirmed in part, reversed in part, and remanded with directions.*

RECHENMACHER, P. J., and SEIDENFELD, J., concur.