ILLA E. HAVING, Plaintiff-Appellant, v. MAURICE H. HAVING, Defendant-Appellee.

Fourth District No. 13415

Opinion filed May 23, 1977.

CRAVEN, P. J., dissenting.

Burger, Fombelle, Wheeler & Dvorak, P. C., of Decatur (David A. Dvorak, of counsel), for appellant.

Hull, Campbell & Robinson, of Decatur (Dennis J. O'Hara, of counsel), for appellee.

Mr. JUSTICE GREEN delivered the opinion of the court:

Plaintiff Illa Having sued defendant Maurice H. Having for divorce in the Circuit Court of Macon County on the grounds of habitual drunkenness. Defendant counterclaimed for divorce alleging that plaintiff was guilty of adultery. The trial court, after a hearing on the merits, found that defendant had "pleaded and proved recrimination" and awarded him a divorce. Plaintiff was awarded the custody of the parties' 16 year old son and defendant was ordered to pay support of $50 per week and an additional sum of $50 per month for the care of the son's horse. A disposition of the parties' personal property was made and defendant was ordered to pay the balance of a loan standing as a lien on the family automobile the possession of which was awarded to plaintiff.

She was ordered to convey to defendant "in lieu of alimony" her one-half joint tenancy interest in the marital home. Plaintiff appeals from the portion of the decree ordering her to make this conveyance.

■■ Plaintiff maintains that the trial court erred because: (1) no showing was made that defendant was entitled to any alimony, (2) no showing was made to justify an award of alimony in gross and (3) that by finding that recrimination had been proved the court found defendant guilty of fault which barred him from alimony. We need consider only plaintiff's first contention. Plaintiff's income was $88 per week while defendant's was $252.80 per week. After deducting defendant's obligations to pay support for the parties' son and care for the horse, defendant's income was still twice that of the plaintiff. No showing was made that plaintiff had been supporting defendant during the marriage. Neither the age, health or property of the parties justified the granting of either gross or periodic alimony. (*Dmitroca v. Dmitroca* (1967), 79 Ill. App. 2d 220, 223 N.E.2d 545.) The award was error.

■■ Plaintiff's complaint requested that the home residence property be sold and that the net proceeds be divided equally between the parties. On appeal, she requests that the decree be amended to so provide. The record indicates that the property is owned by the parties as joint tenants. We have determined that defendant is not entitled to the property as alimony in gross. No special equities of either party were alleged or proved. Plaintiff is entitled to the sale being ordered.

The portion of the decree from which appeal is taken is reversed, and the case remanded with directions that the decree be amended to vacate the award of alimony in gross to defendant and to provide that the home residence real estate of the parties be sold and the net proceeds divided equally between the parties.

Reversed and remanded.

TRAPP, J., concurs.

Mr. PRESIDING JUSTICE CRAVEN, dissenting:

I am in disagreement with the position reached by the majority. Section 18 of the Divorce Act (Ill. Rev. Stat. 1973, ch. 40, par. 19), under which the trial court made this award, does not require proof of special equities. Even if such equities need to be proved, there is ample evidence in the record of the defendant's need and the plaintiff's ability to pay which supports the alimony in gross. By additional provisions of the decree, defendant was directed to pay approximately one fourth of his monthly, before-tax income toward the support of his son and his son's horse. In addition, the defendant was ordered to keep up payments on his son's

health insurance and to pay off the balance due on the automobile granted to the plaintiff. In addition, defendant will be forced to procure furniture for his own use as plaintiff had removed the marital furniture from the home. If the home were to be sold, defendant would be forced to find another place to live. That would certainly eliminate his already depleted resources.

Once the defendant's need for alimony is established, it is incumbent on the court to examine the assets of the parties to determine from what source that alimony is best obtained. Plaintiff's income was such that only her equity in the marital home could be used to offset defendant's need for alimony. To reverse the decree here is contrary to the findings made explicitly and implicitly by the trial court. I find no error in the exercise of the discretion of the trial court and therefore dissent.