URSA FARMERS' COOPERATIVE CO., Plaintiff-Appellee, *v.* EARL TRENT, Defendant-Appellant.

Fourth District   No. 14682

Opinion filed April 7, 1978.

William Forbes Nissen, of Quincy, for appellant.

Lewis, Blickhan & Longlett, of Quincy, for appellee.

Mr. PRESIDING JUSTICE GREEN delivered the opinion of the court:
This case concerns an application of the Statute of Frauds provision of that portion of the Uniform Commercial Code dealing with sales (Ill. Rev. Stat. 1975, ch. 26, par. 2—201). Section 2—201(1) of the Code states that, subject to certain exceptions listed in the section, no contract for a sale of goods at a price in excess of $500 is enforceable unless evidenced by a writing signed by the party to be charged or his authorized agent or broker. Section 2—201(3)(b) states that an exception to the requirement for a signed writing occurs if the party to be charged "admits in his pleading, testimony or otherwise *in court* that a contract for sale was made." (Emphasis added.) Here, the defendant admitted at trial to the making of statements in his discovery deposition that could be construed to constitute an admission of the oral contract with which plaintiff seeks to charge him.

By an amended complaint filed in the circuit court of Adams County, plaintiff Ursa Farmers' Cooperative Company alleged that on March 6, 1973, defendant Earl Trent orally contracted to sell to plaintiff 2500 bushels of soybeans at $4.01 per bushel to be delivered to plaintiff between October 1, 1973, and November 30, 1973, and later failed and refused to make the delivery. The complaint also alleged that defendant

admitted the making of the oral contract in a discovery deposition taken by plaintiff. After his motion to dismiss based upon section 2—201(1) of the Code was denied, defendant answered denying the making of the contract and also setting forth the Statute of Frauds provision of section 2—201(1) as an affirmative defense. At a bench trial, the court found for plaintiff and awarded it damages in the sum of $7,725.

On appeal defendant relies principally upon his claim that for various reasons the statements made by him in his discovery deposition do not qualify as an exception to the Statute of Frauds under section 2—201(3)(b). He also contends that evidence did not show a sufficiently definite meeting of minds between plaintiff's agent and defendant to prove a contract and that plaintiff did not show that it was damaged.

The parties do not dispute that a telephone conversation took place between defendant and some person at plaintiff's elevator at Ursa on March 6, 1973. At trial defendant admitted that he discussed with the person at the elevator, sale of 2500 bushels of beans at $4.01 per bushel but he did not admit that he agreed to make the sale. Defendant did admit that in a previous discovery deposition, he had testified, "Whoever I talked to, I contracted 2500 bushels of beans" and when asked as to the price said, "$4.01." He also admitted that later in his deposition he said, "I signed up for 2500 bushels of beans at 4.01." The testimony of plaintiff's agent confirmed the existence of an oral agreement for defendant to sell to plaintiff 2500 bushels of beans at $4.01 per bushel.

The thrust of defendant's argument is that any admissions made in his discovery deposition were involuntary and, therefore, not within the exception of section 2—201(3)(b). He relies upon a statement by the writer of the Illinois Comments to section 2—201 of the Code (Ill. Ann. Stat., ch. 26, par. 2—201, Illinois Code Comment, at 112 (Smith-Hurd 1963)) expressing the opinion that admissions must be voluntary to bring them within the exception. The only Illinois case cited in the comment is *Kellogg v. Peddicord* (1899), 181 Ill. 22, 54 N.E. 623. There the court ruled that a written transcript of a deposition voluntarily signed by the deponent and containing his admission that certain real estate in his name was imposed with an express trust was sufficient to comply with the requirement of the Statute of Frauds that, to be enforceable, such an agreement must be evidenced by a writing signed by the party to be charged. The opinion did not discuss the question of whether the deposition contained in-court admissions.

No Illinois case has been called to our attention ruling whether the section 2—201(3)(b) admission need be voluntary. The question is important. If voluntariness is required, then the careful defendant can avoid being charged with an oral sales contract for a price in excess of $500 even though he made the agreement. *Kaufman v. Adalman* (1945),

186 Md. 639, 47 A.2d 755, a pre-Code case would support this theory. On the other hand, the court in *Cohn v. Fisher* (1972), 118 N.J. Sup. 286, 287 A.2d 222, concluded that a party charged by an oral contract could be compelled in a discovery deposition to answer as to whether he entered into the oral contract and the answer would be a section 2—201(3)(b) admission. The court reasoned that the purpose of a Statute of Frauds is to protect a party from the fraudulent and perjurious claim of another that an oral contract was made and not to prevent an oral contract admittedly made from enforcement.

We need not rule here as to whether the admission need be voluntary. No showing was made here that defendant's answers in the deposition were involuntary. The parties stipulated that the deposition was taken by agreement and without notice. Even if the discovery deposition had been taken on notice, the deponent would not have been compelled to respond to questions the answer to which would be privileged. Under Supreme Court Rule 219(a) (58 Ill. 2d R. 219(a)), a deponent may refuse to answer a question. If the examiner wishes to compel an answer, he must then petition the court for an order upon the deponent to answer. The court then rules upon the propriety of the question and as to whether the answer is privileged. If the court determines that the question should be answered and orders the deponent to do so, his answer is compelled. No showing was made that this was done here.

Defendant also argues that his admission of the existence of the contract was involuntary because, while he was being examined by plaintiff pursuant to section 60 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 60), he was asked about his testimony at his discovery deposition. Regardless of whether this testimony was under compulsion, the admission was made in the deposition and not by this testimony which merely proved the contents of the deposition. In *Lippold v. Beanblossom* (1974), 23 Ill. App. 3d 595, 319 N.E.2d 548, in a case very similar to this, an appellant contended that an oral contract of sale had been admitted in a discovery deposition and sought to amend the record on appeal to show the deposition. This court denied the request noting that the deposition had not been properly filed below and was not before the trial court. The section 60 testimony here supplied that which was lacking there, the proof of the contents of the deposition.

The taking of a discovery deposition has been described as "a proceeding in an action." (27 C.J.S. *Discovery* §39 (1959).) In *Cohn v. Fisher* the opinion indicated that an admission made in a discovery deposition was an in-court admission within the meaning of section 2—201(3)(b). Although no Illinois case has passed directly upon the point, we conclude that because the discovery deposition testimony is taken pursuant to court rule and subject to court order, with the testimony

under oath and the witness subject to the power of subpoena, the proceeding meets the requirements of section 2—201(3)(b).

We also conclude that the trial court properly determined that the defendant had made an in-court admission of an oral contract for the sale of the beans.

The oral agreement only showed the amount of beans to be sold (2500 bushels) and the price ($4.01 per bushel). The evidence also showed that the custom was to deal in No. 1 grade beans and for delivery to be at harvest time. The contract was thus proved with sufficient certainty. Ill. Rev. Stat. 1975, ch. 26, par. 2—204(3).

The damages were properly computed upon the basis of the difference between the market price agreed upon and the market price at the time the plaintiff heard of the breach. (Ill. Rev. Stat. 1975, ch. 26, par. 2—713.) Section 2—711 of the Code permits a purchaser whose contract of purchase is breached to elect this measure of damages.

The judgment is affirmed.

Affirmed.

TRAPP and CRAVEN, JJ., concur.