LUELLA R. PETTIT, Plaintiff-Appellee, *v.* BENTLEY B. PETTIT, JR., Defendant-Appellant.

Fourth District   No. 14729

Opinion filed May 26, 1978.

Allen & Korkowski & Associates, of Rantoul, for appellant.

Thomson, Thomson, Zanoni, Flynn, Weintraub & McElvain, of Bloomington (Loren Thomson, of counsel), for appellee.

Mr. JUSTICE REARDON delivered the opinion of the court:

The defendant, Bentley B. Pettit, Jr., appeals the provisions contained in a decree of divorce entered by the circuit court on September 29, 1977, which pertain to the division of the parties' jointly owned property and which award periodic alimony and alimony in gross to the plaintiff, Luella R. Pettit.

The parties were married on July 5, 1941, and resided together until

November 3, 1975. At the time of the divorce hearing, the defendant was 57 years old and had an 8th grade education. The plaintiff was 55 years old at that time and was a high school graduate. The parties are the parents of four grown children.

From 1941 to January 1973, the parties farmed in the State of Ohio, after which they moved to Illinois with a net worth of approximately $80,000. From 1973 through 1975, the parties farmed in Ford County, bought and sold 21 farm properties and invested heavily in the commodities market. After 1975, defendant no longer farmed in Illinois but rented his farm equipment to his two sons. In November 1975, and January 1976, defendant liquidated his Illinois holdings and moved to Iowa where he entered into installment contracts for the purchase of several farms.

Owing to the inadequacy of the record and the parties' rapid accumulation of wealth upon moving to this State, a clear understanding of the extent of that wealth has been made more difficult for this court. A property sale settlement sheet dated April 15, 1974, is contained in the record and reflects that the parties were paid $602,562.04 for the sale of land in Champaign and Ford Counties. The parties' 1974 Federal income tax return reflects an adjusted gross income of $104,004.83 and a tax payment of $30,500.89. Plaintiff testified that defendant purchased a home for his mistress in December 1975, for $27,500. Defendant testified that he gave his mistress a 1976 Buick Regal automobile worth $6,000, at least $6,000 in cash, a $600 opal ring and earring set, and some furniture. While being examined pursuant to section 60 of the Civil Practice Act, defendant admitted that he signed three financial statements listing his net worth as $623,800 on June 13, 1975, $649,000 on May 23, 1975, and $930,000 on October 21, 1976. During the course of the divorce proceedings, defendant deposited $132,000 in escrow with his attorney. This fund came from the sale of farms and equipment. A certified public accountant appointed by the court, Stan Feller, reviewed the parties' financial transactions from 1972 to August 1977, and testified that the parties' net worth, valued on a cash or cost basis, was $198,797.07 as of August 1977.

On appeal, essentially five issues have been raised for our review: (1) Whether an appealable order was entered by the circuit court; (2) whether the court erred in awarding the marital home, items of personal property, periodic alimony and alimony in gross to the plaintiff; (3) whether plaintiff has properly filed a motion to amend the pleadings in this court; (4) whether the judge should have recused himself because he received an ex parte communication from plaintiff's attorney; and (5) whether the property division and plaintiff's alimony awards are excessive or otherwise contrary to the manifest weight of the evidence.

Plaintiff contends that, because the court stated in its decree that it was

reserving jurisdiction of the cause in order to enforce the decree and in order to determine plaintiff's reasonable attorney's fees, this court is without jurisdiction. The order does not recite that there is no just reason to delay its enforcement or an appeal. See Supreme Court Rule 304(a) (58 Ill. 2d R. 304(a)).

■■ Plaintiff's contention is without merit. A divorce decree reserving the question of attorney's fees, although final in other respects, is not final as to incidental questions expressly reserved. (*Hokin v. Hokin* (1968), 102 Ill. App. 2d 205, 215-16, 243 N.E.2d 579.) The test of finality lies in the substance, not the form of the order, and a divorce decree which terminates the litigation on the merits is final so long as all that remains is the execution of the order. (*Myers v. Myers* (1977), 51 Ill. App. 3d 830, 837, 366 N.E.2d 1114, 1121.) If the trial court reserves jurisdiction to later rule on the question of attorney's fees, that ruling may be made in a "supplemental decree" subsequent to entry of a final, appealable decree. *Bremer v. Bremer* (1954), 4 Ill. 2d 190, 191-92, 122 N.E.2d 794.

■■ Divorce is a statutory proceeding and divorce courts have no general equity jurisdiction. They only have that authority which is granted in the Divorce Act. (*Persico v. Persico* (1951), 409 Ill. 608, 611-12, 100 N.E.2d 904.) Section 17a of the Act (Ill. Rev. Stat. 1975, ch. 40, par. 17a) provides that "* * * upon complaint of one of the parties, * * *" the divorce court shall have jurisdiction to order the partition of real estate belonging to the parties. Section 17 of the Act (Ill. Rev. Stat. 1975, ch. 40, par. 18) authorizes the court to "* * * compel conveyance [of real estate] * * * upon such terms as it shall deem equitable." Section 18 of the Act (Ill. Rev. Stat. 1975, ch. 40, par. 19) authorizes the court to order a party to convey property "* * * in lieu of alimony * * *." Thus, the Act authorizes the court to order a conveyance from one spouse to another, either on account of special equities or in lieu of alimony. Where title to property is held by the parties in joint tenancy, the court may, if requested, order partition.

In order to be entitled to a finding of special equities, they must be specially pleaded and proved by the plaintiff. (*Persico; Everett v. Everett* (1962), 25 Ill. 2d 342, 346, 185 N.E.2d 201, 205; *Blazina v. Blazina* (1976), 42 Ill. App. 3d 159, 164, 356 N.E.2d 164; *Having v. Having* (1977), 48 Ill. App. 3d 795, 796, 363 N.E.2d 428.) If special equities are not pleaded and proved, it will be error for the court to order a property conveyance *in addition* to an award of alimony. *Sahs v. Sahs* (1977), 48 Ill. App. 3d 610, 612-13, 363 N.E.2d 156.

■■ In the instant case, since the plaintiff's complaint did not pray for partition of the parties' jointly held real estate and personal property, and since special equities in the defendant's property were neither pleaded nor proved by the plaintiff, we find that the circuit court exceeded its

jurisdiction in ordering the partition of the parties' jointly held property and in ordering the transfer of personal property from the defendant to the plaintiff. Although our supreme court held in *Franceschi v. Franceschi* (1945), 326 Ill. App. 494, 500, 62 N.E.2d 1, 3, that a wife "* * * is entitled to such relief in the protection of her marital rights [from fraudulent conveyances] as the facts and circumstances appearing in evidence warrant," that language does not authorize the partition of jointly held property or findings of special equities where they have not been pleaded.

Defendant characterizes the award of his interest in the marital residence, of other of his joint tenancies in real estate, and of the $225,000 lump sum as alimony in gross. Defendant, therefore, contends that the court could not award periodic alimony in addition to the so-called alimony in gross. Since we are already remanding the cause for further consideration by the circuit court, we need not rule on the correctness of defendant's characterization. We will, however, note the following language from the *Sahs'* opinion which should be considered by the circuit court on remand:

> "The decree awards the wife $75 per week in alimony. This clearly is periodic alimony. [Citations.]
>
> The decree also requires the husband to make the mortgage and tax payments on the couple's marital home while the wife and the couple's two minor children live in it. The couple owns the house as joint tenants. The terms of the decree provide that the house is to be sold when the youngest child reaches age 18. After certain selling expenses and the mortgage payments made by the husband since the time of the decree are deducted, the proceeds are to be divided with one-third going to the husband and the remainder to the wife.
>
> The trial court failed to characterize this award as either alimony or child support. In light of this failure, we must agree with the husband and characterize this award as alimony in gross. *Palacio v. Palacio* (1975), 33 Ill. App. 3d 1074, 339 N.E.2d 427.
>
> Thus, the trial court ordered both periodic alimony and alimony in gross. Under section 18 of the Divorce Act (Ill. Rev. Stat. 1973, ch. 40, par. 19), the trial court may not award both forms of alimony. *Overton v. Overton* (1972), 6 Ill. App. 3d 1086, 287 N.E.2d 47; *Hatch v. Hatch* (1973), 16 Ill. App. 3d 228, 305 N.E.2d 198; *Harding v. Harding* (1974), 18 Ill. App. 3d 550, 310 N.E.2d 19; *Green v. Green* (1976), 41 Ill. App. 3d 154, 354 N.E.2d 661." 48 Ill. App. 3d 610, 612-13, 363 N.E.2d 156, 158.

In her brief on appeal, plaintiff contends that the evidence presented to the circuit court supports findings of special equities and that

the pleadings may be amended at any time, even after an appeal has been taken, in order to conform them to the proof. Evidently, the plaintiff relies on section 46(3) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 46(3)). The plaintiff, however, does not appear to be aware of Supreme Court Rule 362 (58 Ill. 2d R. 362) which requires that motions to amend the pleadings in the appellate court must be written, supported by affidavit, and shown to be necessary. The supporting affidavit must also show that no prejudice will result to the adverse party if the motion is allowed. Issues sought to be raised by the proposed amendment must be supported by the record. The motion to amend must be made prior to submission of the cause for decision and the motion and affidavit must be served upon the other parties. Of course, the reviewing court may, on its own motion, order that the amendment be made at any time it has jurisdiction of the cause. In the instant case, the plaintiff has utterly failed to comply with the requirements of Rule 362, so we deny her purported motion to amend the pleadings. (*Genaust v. Illinois Power Co.* (1976), 62 Ill. 2d 456, 462, 343 N.E.2d 465; *Lee Shell Co. v. Model Food Center, Inc.* (1969), 111 Ill. App. 2d 235, 247-48, 250 N.E.2d 666.) Our decision on this question in no way restricts the trial court's power on remand to give further consideration to the question of whether it should permit amendment of the pleadings.

After the conclusion of the final hearing in this cause and after the court had indicated its position on a number of substantive issues, including its inclination to award plaintiff property in kind, the defendant filed a motion for a change of venue. The reason for defendant's motion was that plaintiff's counsel had mailed a proposed decree to the judge alone, accompanied by a letter of transmittal.

■■■ A change of venue may be granted in a civil action if the movant fears that he will not receive a fair trial because the judge is prejudiced against him. (Section 1(2) of the Venue Act (Ill. Rev. Stat. 1975, ch. 146, par. 1(2)).) The right to such a change, however, does not extend beyond the time at which the judge indicates his position or rules on a substantive issue in the case. (*Joseph v. Joseph* (1973), 15 Ill. App. 3d 714, 718, 305 N.E.2d 19.) In this case, the defendant should have made a motion for mistrial instead of a motion for a change of venue. The furnishing to opposing counsel of copies of all communications to the court is a highly desirable and ethical practice, however, since the question of whether defendant was prejudiced by the *ex parte* communication was not properly brought to the attention of the trial judge, we find that the question has been waived in this appeal. *Cf. People v. Parson* (1963), 27 Ill. 2d 263, 266-67, 189 N.E.2d 311.

Owing to the fact that we are reversing and remanding this cause for reconsideration of the property settlement and alimony provisions on the

basis of the reasons already stated in this opinion, we need not address the final issue presented by this appeal. On remand, the circuit court is directed to reconsider all of the decree provisions concerning the division of the parties' property and the awards of alimony made to the plaintiff.

Reversed and remanded with directions.

GREEN, P. J., and TRAPP, J., concur.