DENNIS DOHERTY *et al.*, Plaintiffs-Appellants, v. WILLARD KILL *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 84—1391

Opinion filed January 14, 1986.

Carl L. Klein, Ltd., of Oak Lawn (Carl L. Klein, of counsel), for appellants.

Greenberg, Keele, Lunn & Aronberg, of Chicago, and Michael F. Sullivan, of Evergreen Park (Nathan H. Lichtenstein and Deborah B. Tompkins, of counsel), for appellees.

JUSTICE STAMOS delivered the opinion of the court:

This is an action in which the trial court entered summary judgment against plaintiffs and gave defendants a monetary award. Plaintiffs now appeal.

In April of 1978, the defendants contracted to purchase Unit 301 in a condominium building at 6049 Marshall, Chicago Ridge. In anticipation of this purchase, the defendants asked the board of managers for a written statement of any unpaid assessments owing on Unit 301. On May 26, 1978, before the defendants had closed on their apartment, the board notified them in writing that an assessment of $375 was due on Unit 301 in order to be paid in full up to July 1, 1978. The defendants purchased their unit on June 2, 1978, but they have never paid the maintenance fee of $375.

In November of 1978, the board of managers and the Marshall Condominium Association filed suit against the defendants, seeking to foreclose on a lien of $1,375. The plaintiffs contended in their verified complaint that the defendants owed $375 in maintenance fees and $1,000 in a special assessment. The assessment was purportedly levied against each unit in the building on December 27, 1977. Plaintiffs claim that the assessment was then reenacted on February 15, 1978, and July 17, 1978.

In their answer, the defendants denied that any special assessment was levied on their unit. Moreover, defendants observed that the board purported to enact this assessment prior to the time when defendants closed on their apartment. According to the defendants, since this alleged assessment was excluded from the written notice of fees due on Unit 301, the plaintiffs should be estopped from going forward with their claim for $1,000.

In addition to the foregoing, defendants asserted an affirmative defense in which they claimed a setoff against any maintenance fees due on their unit. The defendants contended that as a condition of closing, they had to give a credit of $464 to their seller, Daniel O'Donnell. This amount represented a premium payment that O'Donnell allegedly made when an insurance policy covering the condominium building was about to lapse. Since the defendants claimed that they reimbursed O'Donnell for this premium, they demanded that their payment of $464 be set off against the $375 maintenance fee owing on Unit 301.

More than four years after filing their answer, the defendants moved for summary judgment. As part of their motion, they included an affidavit and deposition from plaintiff Dennis Doherty, president of the board of managers of the condominium. This affidavit and deposition were taken as part of another action involving the same condominium building. In these documents, Doherty admitted that no special assessment of $1,000 had been levied against the condominium units. Instead, according to Doherty, if an apartment owner decided to move, he was expected to advance $1,000 to the association for possible repairs to the building. Then he would be reimbursed if the repairs were unnecessary or cost less than anticipated.

The plaintiffs did not file any affidavits of their own to counter the defendants' motion for summary judgment, and the trial court ruled in defendants' favor. In addition, the court awarded defendants a sum of $464 despite the fact that they had never asked for this amount in a counterclaim. Plaintiffs now appeal from the court's grant of summary judgment and award of $464.

The plaintiffs' initial objection on appeal is that the trial court erred in granting summary judgment for the defendants. In support of this objection, plaintiffs argue that the trial court should not have considered an affidavit from Dennis Doherty as evidence favorable to defendants' motion. Since this affidavit was taken as part of another action, plaintiffs characterize it as former testimony, admissible only when the declarant is unavailable as a witness. Doherty's availability has not been questioned, so plaintiffs believe that his former testimony must be excluded.

Contrary to plaintiffs' assertion, Doherty's affidavit was admissible as evidence in support of defendants' motion for summary judgment. It is true that if evidence would be inadmissible at trial, it is inadmissible in an affidavit accompanying a motion of summary judgment. (*Loveland v. City of Lewistown* (1980), 84 Ill. App. 3d 190, 192-93, 405 N.E.2d 453.) It is also true that testimony given in another

action is admissible as substantive evidence only when the declarant is unavailable as a witness. *George v. Moorhead* (1948), 399 Ill. 497, 501, 78 N.E.2d 216.

██ In the present situation, the declarant, Doherty, is apparently available as a witness. If his affidavit could be classified only as former testimony, then it might have to be excluded as evidence. Such is not the case, however, since Doherty's affidavit is an admission by party-opponent. When they are relevant to issues in the case, admissions made by a party are admissible as substantive evidence. An admission made by the party or his agent in sworn testimony may be used as evidence to the same extent as any other admission made by that person. See *Security Savings & Loan Association v. Commissioner of Savings & Loan Associations* (1979), 77 Ill. App. 3d 606, 611, 396 N.E.2d 320.

██ Dennis Doherty is a named party in this action. Despite the fact that his affidavit was taken as part of another case, Doherty's remarks about an alleged special assessment are relevant to the dispositive issue in the present controversy. This being so, Doherty's affidavit was properly considered as an admission by party-opponent.

Plaintiffs contend further that summary judgment was improper here because the case presents a genuine issue of material fact. This argument lacks merit, however. A summary judgment is proper if the pleadings, depositions, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1983, ch. 110, par. 2—1005.) In determining whether an issue of material fact exists, the evidence must be viewed in a light most favorable to the nonmovant. If facts admit of more than one reasonable conclusion, then summary judgment should be denied. (*Smothers v. Butler* (1979), 78 Ill. App. 3d 1018, 1020, 398 N.E.2d 12.) Even if there is some evidence from which differing inferences might be drawn, this is not significant so long as there is a reasonable basis in substantial evidence to support the inference that is drawn. *Manahan v. Daily News-Tribune* (1977), 50 Ill. App. 3d 9, 12, 365 N.E.2d 1045.

██ In the present case, no genuine issue of material fact exists. The only evidence presented by the plaintiffs in support of their $1,000 claim was a verified complaint in which the president and secretary of the board alleged that a special assessment was levied. Plaintiffs argue on appeal that since their complaint was verified, the allegations contained in the pleading were sufficient to inject an issue of fact into this controversy. As authority for this proposition, the plaintiffs cite *Donart v. Board of Governors* (1976), 39 Ill. App. 3d

484, 349 N.E.2d 486, in which the court considered plaintiff's verified complaint as evidence countering defendant's motion for summary judgment.

Plaintiffs misconstrue the holding on *Donart*, however. The *Donart* court held that in considering the propriety of a motion for summary judgment, a verified pleading should be taken into account, along with "the affidavits." (*Donart v. Board of Governors* (1976), 39 Ill. App. 3d 484, 486, 349 N.E.2d 486.) The affidavits to which the court referred included a counteraffidavit filed by the plaintiff to rebut the defendant's motion for summary judgment. In this case, by contrast, the plaintiffs did not file any counteraffidavit, but chose instead to stand on their complaint.

■■ Where the party opposing summary judgment chooses to stand on his pleading, as plaintiffs here have done, then the material facts set forth in the movant's affidavits are deemed admitted. (*Fooden v. Board of Governors* (1971), 48 Ill. 2d 580, 588, 272 N.E.2d 497.) The nonmovant can not rely solely on his complaint to refute allegations of fact in his opponent's affidavit. Even allegations in a verified complaint do not prevail over uncontradicted facts set forth by the defendant in his supporting documents. *Wooding v. L & J Press Corp.* (1981), 99 Ill. App. 3d 382, 386, 425 N.E.2d 1055; *La Monte v. City of Belleville* (1976), 41 Ill. App. 3d 697, 702-03, 355 N.E.2d 70.

Defendants in this case submitted ample evidence in support of their motion for summary judgment, at least as to plaintiffs claim for a $1,000 special assessment. The factual allegations set forth by defendants effectively counter the assertions in plaintiffs' complaint. Accompanying their motion, defendants offered an affidavit by plaintiff Doherty, in which he admitted that no special assessment had ever been levied against the condominium units. In addition, the defendants' motion was supported by Doherty's deposition testimony that no assessment was levied. Doherty explained that a condominium owner who decided to move from the building would be asked to advance $1,000 to a repair fund. He also said that only one person had paid into this fund and that $700 of her contribution had been returned. In fact, Doherty conceded that "no one was going to shell out any thousand dollars."

■ Furthermore, even if a special assessment were levied on the defendants' unit, plaintiffs should be estopped from trying to collect it. Estoppel arises when a person, by affirmative or negative conduct, either intentionally or through culpable negligence induces another to believe a material fact. The recipient of the information then relies on the representation and as a reasonable consequence, is misled to his

injury. (*Wilson v. Illinois Benedictine College* (1983), 112 Ill. App. 3d 932, 939, 445 N.E.2d 901.) When such circumstances occur, the party offering the information will be estopped from claiming the benefit of his negligence. *Schockley v. Ryder Truck Rental, Inc.* (1979), 74 Ill. App. 3d 89, 95, 392 N.E.2d 675.

In the present case, the board of managers represented to the defendants that only $375 was due on Unit 301. When this representation was made, the alleged special assessment was already in force. Plaintiffs knew or should have known of the $1,000 special assessment but failed to disclose it to the defendants. In reasonable reliance upon the plaintiffs' representation, the defendants closed on their apartment. Since all of the elements of equitable estoppel are present, the plaintiffs can not go forward with their claim for $1,000.

The plaintiffs contend that they are not estopped since the special assessment was purportedly reenacted for a second time on February 15, 1978, after the defendants had purchased their condominium. Even if an assessment were reenacted, however, this does not preclude the operation of estoppel. The only thing done on February 15 was to reaffirm an existing assessment. Reaffirmation does not subject the defendants to liability for a pre-existing assessment when plaintiffs failed to inform them about it at the appropriate time.

■ Although the defendants deserved summary judgment on the issue of the special assessment, the court erred in denying the plaintiffs' demand for payment of overdue maintenance fees. Since it is undisputed by the parties that the defendants owe $375 in maintenance fees, the order for summary judgment should have been entered only on plaintiffs' $1,000 demand for a special assessment. A judgment of $375 should have been rendered in plaintiffs' favor. Then the defendants could have asserted in a counterclaim their alleged setoff of $464.

The plaintiffs' second objection on appeal is that the court erred in awarding the defendants $464. According to the plaintiffs, the defendants are not entitled to this award because they failed to assert it in a counterclaim and because they failed to offer sufficient proof that they were entitled to it as a setoff. Moreover, the plaintiffs point out that the court's judgment does not reflect the $375 maintenance fee that defendants admit was owing on their condominium unit.

The plaintiffs' argument in this regard is persuasive. It is not clear why the trial court ordered the plaintiffs to pay $464 while it ignored the maintenance fee that defendants owed on their apartment. Furthermore, the court's order was at variance with its findings of fact since in its findings, the court noted that the defendants

were free to pursue their claim directly against the plaintiffs.

■ Despite some confusion, however, it seems clear that defendants should have framed their demand as a counterclaim rather than as an affirmative defense. An affirmative defense is one in which the defendant gives color to his opponent's claim but asserts new matter which defeats an apparent right in the plaintiff. (*Zeiger v. Manhattan Coffee Co.* (1983), 112 Ill. App. 3d 518, 533, 445 N.E.2d 884.) In this case, the defendants had a distinct cause of action against the plaintiffs. The defendants' claim for $464 did not give color to the plaintiffs' allegations, nor did it defeat the plaintiffs' apparent legal right. Instead, the defendants denied the legitimacy of plaintiffs' claim for a special assessment and admitted plaintiffs' entitlement to maintenance fees. Then the defendants set forth their own, unrelated allegations against the plaintiffs, which should have been brought as a counterclaim.

■ The defendants concede by implication that they should not have asserted their demand as an affirmative defense. However, they ask this court to amend their pleadings to conform to the proof and include a counterclaim. It is true that the appellate court can, at its discretion, amend the pleadings to conform to the proof offered in the trial court. (Ill. Rev. Stat. 1983, ch. 110, par. 2—616(c); 87 Ill. 2d Rules 362(f), 366(a)(1).) Notwithstanding our ability, we deem amendment of the pleadings inappropriate in the present case for two reasons. First, the defendants did not adequately prove that they were entitled to judgment against the plaintiffs. Evidence offered by defendants in this regard was meager. They alleged in their verified answer that they had given Daniel O'Donnell a credit of $464. They also submitted an illegible copy of a document purporting to be an insurance bill paid by O'Donnell. Since the quality of this proof is poor and since the defendants have failed to offer any tangible evidence that they were forced to give their seller a credit, their request for amendment is properly denied. See *Lippold v. Beanblossom* (1974), 23 Ill. App. 3d 595, 596-97, 319 N.E.2d 548.

■ A second reason that amendment of the pleadings is unwarranted in the present case is that the defendants have failed to follow the proper procedure for requesting relief of this kind. Supreme Court Rule 362 provides, among other things, that motions to amend pleadings in the appellate court should be brought in writing and supported by affidavit. The motion must demonstrate that the amendment is necessary and that it will not prejudice the opposing party. Defendants here simply request in their brief that the appellate court amend their pleading, so they have made no attempt to comply with

the supreme court rule. Furthermore, they offer no excuse for non-compliance. Even though the appellate court may amend pleadings on its own motion, it is justified in declining to do so when the party seeking amendment has wholly failed to comply with proper procedure. (*Melvin v. City of West Frankfort* (1981), 93 Ill. App. 3d 425, 434, 417 N.E.2d 260; *Pettit v. Pettit* (1978), 60 Ill. App. 3d 375, 380, 376 N.E.2d 782.) This is not to say, however, that on remand, the trial court can not grant leave to amend if it deems that the proper course. *Pettit v. Pettit* (1978), 60 Ill. App. 3d 375, 380, 376 N.E.2d 782.

In light of the foregoing, the judgment of the trial court is affirmed as to the plaintiffs' $1,000 claim for a special assessment, but reversed as to their claim for $375 in maintenance fees. The court's judgment of $464 in favor of defendants is reversed and the case remanded for further proceedings not inconsistent with this opinion.

Affirmed in part, reversed in part and remanded.

BILANDIC, P.J., and SCARIANO, J., concur.